IDA FRANCES HUDSON *vs.* EDWARD J. HUDSON.

JULY 17, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

Condon, J.    This is a petition for divorce in which a final decree awarding the petitioner alimony of $5 a week and a weekly allowance of $12.50 for the support of two minor children was entered in the superior court on June 22, 1951. On January 18, 1952 the respondent filed a motion to modify that decree "because of a change in the circumstances of the respondent and petitioner." Thereafter on January 28, 1952 petitioner filed a motion to increase the alimony and allowance. Subsequently these motions were heard together in the superior court and thereupon a decree was entered denying petitioner's motion and modifying the original decree by reducing the allowance for support of the minor children to $8 per week for the sole dependent child of the parties. From that decree petitioner has appealed to this court. She also prosecuted a bill of exceptions containing several exceptions to such decree which raised the same questions as her reasons of appeal. However, she neither briefed nor argued those exceptions. For the purpose of clearing the record they are, therefore, overruled *pro forma*.

Under her reasons of appeal she contends that such decree is contrary to the law and the evidence and the weight thereof. She argues that the trial justice either misconceived the law applicable to the motions before him or overlooked the evidence of respondent's ability to pay an increased allowance for the support of the children or in any event to pay the existing allowance of $12.50 a week. On the other hand respondent argues that the evidence did not warrant an increase in either the alimony or the allowance

and that the trial justice's decision modifying the original decree was clearly justified by the evidence and the law applicable thereto.

It appears from the evidence that since the final decree of divorce was entered petitioner's circumstances have changed in that one of the minor children has married and is no longer dependent upon either parent for support. It also appears that petitioner is now receiving from each of two older children who are living with her $20 a week, whereas at the time of the entry of the final decree of divorce she was receiving $10 a week from each of them. There was no change in the pecuniary circumstances of respondent, his average "take-home" pay being $80 per week. However, there was some testimony that the cost of supporting the remaining minor child had increased, but the amount thereof was not definite.

On that evidence the trial justice apparently found that there had been a change in the circumstances of petitioner whereby she did not need $12.50 to support only one of the minor children, although he also found that something more was needed for the proper support of such child and therefore he allowed her $8 a week instead of merely one half of $12.50. He denied petitioner an increase in alimony apparently because she had not shown any change in her own circumstances which would justify such increase, and had not shown that respondent's pecuniary circumstances had improved.

We think the denial of her motion was not clearly wrong. The law governing the consideration of such a motion has been stated in *Moore* v. *Moore,* 53 R. I. 294. There it was held that the party seeking an increase in an allowance must show that the cost of supporting the child has increased and that the other party has a present ability to pay more for its support than the amount originally allowed. Here the trial justice recognized that, although there was no showing that respondent was earning more, there was some evidence of increased cost for support of the minor

child and he therefore allowed such child a portion at least of what respondent had been paying for the other child whose support was no longer a burden upon him.

Insofar as that action represented a granting of respondent's motion to reduce the allowance for support, the only question remaining is whether such action was correct in the light of his admittedly unaltered ability to pay $12.50 for the support of his remaining minor child. If the evidence of the need for such sum was reasonably definite we have no hesitancy in saying that the trial justice's reduction of that amount to $8 merely because one of the children was no longer dependent upon respondent would not be sufficient reason for sustaining his decision. In *Reynolds* v. *Reynolds*, 79 R. I. 163, 85 A.2d 565, we held that in addition to the fact of a change in circumstances there must always be considered as controlling factors in a matter of this kind the needs and welfare of the children together with the ability of the father to provide for them. In other words in the case at bar the change in the circumstances of petitioner, in that she no longer had custody of one of the minor children, was not a controlling factor.

However, the fact that the evidence of the increased needs of the remaining minor child is so meager and indefinite necessarily prevents us from disturbing the decision of the trial justice in reducing the allowance to $8. While on its face this was a reduction from the amount originally awarded for two minor children, in reality it represents an increase in the amount available solely for the support of the remaining minor child. In the absence of evidence showing a need of the entire amount of $12.50 for the support of the one child, we cannot say from our perusal of the transcript that such action of the trial justice was clearly wrong.

We may add that in reaching such conclusion we have not taken into consideration the fact that petitioner's circumstances have been altered for the better in that she now has an income from her two older children in double the

amount she was receiving from them at the time of the original decree. Regardless of such fact respondent's obligation to support his minor children according to their reasonable needs and his pecuniary ability remains in full force. If and when it is shown that the needs of the remaining minor child require more than $8 a week and respondent's ability to meet such needs continues he may be required to assume them irrespective of the pecuniary ability of petitioner.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Isidore Kirshenbaum, Max Levin,* for petitioner.
*Charles A. Curran,* for respondent.