SABINA GETEK *vs.* STANLEY GETEK.

MAY 11, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

BAKER, J. This is a proceeding in which a final decree was entered granting the wife's petition for a divorce, awarding her custody of the two minor children of the parties, and ordering the respondent to pay her $10 a week alimony and $15 a week for the support of the children. Thereafter the respondent moved to modify the final decree because of a change in the circumstances of petitioner. After a hearing, a justice of the superior court granted the motion by reducing from $15 to $10 the amount of the weekly allowance for the support of the two dependent children. From the entry of a decree to that effect petitioner has appealed to this court.

The alleged change in petitioner's circumstances apparently was the fact that one of the children, who was living with her and to whom the original order applied, was nineteen years old at the time of the hearing, was working at Brown & Sharpe Manufacturing Company in Providence, and was receiving wages which averaged $37.94 per week. The evidence as to what he did with his pay was somewhat conflicting. In general he testified that he was saving the money to get tools, which were expensive; that he had to pay $50 as an entrance fee to the apprentice school where he was to learn his trade; that this amount was taken out of his pay at the rate of $10 a week; that he was paying $10 weekly to a credit union; and that he was not contributing any money to petitioner for his room and board.

The petitioner testified that she did receive money from her son, but to some extent supported his testimony by stating: "Whatever he gives me I save it towards his expenses at Brown & Sharpe." However, in response to a question in cross-examination as to how much money she receives from the son's pay she gave the following answer: "About twenty-five. I keep something towards the eating. I give him between $8 because he smokes, and a boy of that age has to have money."

In his decision the trial justice stated that he thought neither the petitioner nor the son had been "perfectly frank with the court in telling me what has been done with the boy's earnings." He also added that while the obligation to support the son is primarily on the father, which he has been carrying out by contributing $15 a week for the two minor children, nevertheless the boy is now earning something and the respondent is entitled to some consideration in that connection. The trial justice then reduced the amount for the support of the two children to $10 a week.

The petitioner argues that in so deciding the trial justice misconceived the law and overlooked pertinent evidence on the issues raised. Ordinarily a change in the circumstances of the husband is the ground alleged for the filing of such a motion. In deciding it, "The needs and welfare of the children together with the ability of the father to provide for their reasonable support are always controlling factors." *Reynolds* v. *Reynolds*, 79 R. I. 163, 167. Consequently the disposition of such a motion would depend upon the particular facts appearing in each case with reference to the present needs of the children. In the instant case those needs appear to be greatly diminished as a result of the son becoming gainfully employed.

Although the evidence showed that respondent was netting a few dollars more a week than he was receiving when the original order was made, it also appeared that his present living expenses had increased. His contention in sub-

stance was that in view of the fact that his son was earning a substantial sum weekly, a sizeable part of which was turned over to petitioner, he was entitled to derive some advantage in the circumstances by having the order requiring him to pay her for the support of the two children reduced to some extent. While that conclusion would not follow necessarily in all cases, nevertheless the fact may be considered with all the other evidence as bearing upon the question of the needs of the other child.

The evidence shows in effect that the son is now earning his own living. In regard to the actual needs of the other child, a girl ten years old, the evidence is indefinite and meager. In the light of all the evidence the effect of the trial justice's decision in general was to leave for her support most if not all of the $10 a week allowed by him. While the instant case on its facts is not exactly like *Hudson* v. *Hudson*, 80 R. I. 473, 98 A.2d 360, it nevertheless resembles that case in several respects and in our opinion is governed by the general principles of law set out therein. There we pointed out that when it was shown that the needs of the remaining minor child required more than had been ordered and respondent's ability to meet such needs continued, he may be required to assume them irrespective of the pecuniary ability of the petitioner. That holding would be applicable in the present case.

In hearing the evidence and passing on the credibility of the witnesses the trial justice is in a more advantageous position than we are since he saw and heard them testify. Upon consideration we cannot say that in the circumstances he misconceived the law or overlooked material evidence, or that his decision on the motion was clearly wrong.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Isidore Kirshenbaum, Max Levin,* for petitioner.

*Joseph T. Little, Francis E. Little, Jr.,* for respondent.