*Frederic A. Charleson, Donald P. Ryan,* for defendant.

## Charles O'Connell *vs.* New York, New Haven and Hartford Railroad Company.

### April 6, 1961.

Present:  Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a petition for certiorari to review the denial by a superior court justice of the petitioner's motion to file a special plea to the respondent's declaration in a civil action after the pleadings had been closed and the case was ready for trial. We issued the writ and in response to the mandate thereof the records have been duly certified to this court.

The petitioner in the instant proceeding is defendant in the civil action currently pending in the superior court and will hereinafter be referred to as the defendant. The respondent herein, who will hereinafter be referred to as the plaintiff, commenced the suit by a writ dated July 3, 1958 for injuries allegedly sustained on March 6, 1957, during and in the course of his employment with defendant. It was brought in accordance with the provisions of the federal employers liability act and federal safety appliance and boiler inspection act.

It further appears that plaintiff entered the employment of defendant sometime in 1955, at which time he filled out an application for employment with defendant which contained questions relating to his physical condition and medical history. The application is not a part of the record and neither it nor the exact answers given by plaintiff are before us. In any event, defendant contends that plaintiff misled it as to his past medical history, which alleged misrepresentations defendant now contends are material to its defense of plaintiff's suit for damages. A special plea which the superior court justice refused to permit defendant to file was prompted by its discovery of such alleged misrepresentations after the case had been assigned for trial.

The record discloses that plaintiff's declaration was entered August 26, 1958 and defendant demurred thereto on September 3 of the same year. On the following December 15 the demurrer was overruled and four days later defendant pleaded the general issue. Thereafter by stipulation the case was assigned for trial to October 15, 1959, at which

time it was reached but passed on plaintiff's motion. It then laid dormant until August 12, 1960, when on defendant's motion it was assigned to the jury trial calendar for January 27, 1961. At this stage of the case, on December 9, 1960, defendant filed a motion addressed to the discretion of the court that it be permitted to file the special plea. This motion was heard on December 15, 1960. The transcript of the hearing discloses the reasons advanced by defendant on behalf of its motion and the objections raised thereto by plaintiff.

After hearing the parties, the trial justice made the following decision, "Exercising my discretion in the matter, based on all the facts outlined in the case and records thereof, I deny the motion." The defendant's exception thereto was properly noted.

The defendant concedes that it was within the discretion of the trial justice to grant or deny the motion, but contends that on its showing of all the circumstances the denial constitutes an abuse of his discretion. It further concedes that if, despite the denial of its motion, the proposed defense is admissible under the general issue, and it frankly admitted to uncertainty in this regard, there is no necessity for the instant proceedings. Further, it acknowledges that it has preserved any right which may have been prejudiced by the denial of its motion, in that it duly excepted thereto. It argues, however, that notwithstanding the rule as to common-law certiorari, as enunciated by this court in *White* v. *White*, 70 R. I. 48, and the cases therein cited, the instant cause comes within those exceptions previously recognized by this court and in support thereof cites *O'Brien* v. *M & P Theatres Corp.*, 72 R. I. 289.

The plaintiff, however, contends that the circumstances of the instant case are not such as to bring it within the exceptions to the general rule. He argues that the trial justice did not abuse his discretion, giving as a reason inter alia that defendant failed to disclose any circumstance

which would have warranted the consent of the court to the filing of a special plea. He argues further that defendant not only has an exception on which it can subsequently rely, if necessary, but moreover that in an action of case the general issue is sufficient at common law and as a consequence there is no necessity for a special plea. In support of this latter contention he cites Shipman, Common-Law Pleading (3d ed. 1923), p. 312, and Keigwin, Cases in Common Law Pleading (2d ed. 1934), pp. 591, 592, 593, 607.

It is so well settled as to require no citation of authority that if there were no abuse of discretion by the trial justice in the instant case, resort to certiorari would not be open to defendant. However, we are of the opinion that, without considering whether the denial of defendant's motion constituted an abuse of discretion, the instant cause does not disclose such hardship or exceptional circumstances as to persuade us that it falls within the exceptions this court has made to the general rule, namely, that in the absence of unusual hardship a petitioner must show no other adequate remedy exists. See *White* v. *White, supra.*

Although not independently persuasive of our decision that the writ was improvidently issued, it is to be observed that the railroad is the party defendant in the civil action below and not a party plaintiff as was the case in *O'Brien* v. *M & P Theatres Corp., supra,* and cases of similar import. In the circumstances of those cases it was clearly evident that the petitioners, the plaintiffs below, would have been denied the opportunity to present in full the evidence which could conceivably prove essential to a recovery, if the counts in their declarations on which they relied and which had been struck by the trial justice were not available to them in their offers of proof bearing on the defendants' negligence. In *O'Brien* v. *M & P Theatres Corp., supra,* upon which defendant relies, this court said at page 293, "We find that the present cases are exceptional ones, of the same general nature as the *Brickle* case, and that it is in the in-

terest of justice that the alleged error of the superior court be reviewed immediately so that the petitioners, if their contentions are correct, may not be deprived of a full trial on all proper issues at one time."

Here there is no unqualified assertion that the special plea which the defendant sought to file is essential to a successful defense. If it should prove to be otherwise, the defendant has a clear remedy available to it by reason of its exception, pending which circumstance we are not persuaded that undue hardship will result.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the superior court with our decision endorsed thereon.

*William J. Carlos,* for petitioner New York, New Haven and Hartford Railroad Company.

*Edward I. Friedman, Howard I. Lipsey,* for respondent Charles O'Connell.