PHILIP GORDON *vs.* JUDITH LIBBY GORDON.

DECEMBER 27, 1962.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

CONDON, C. J. This is a petition for certiorari to review the action of the family court in modifying an interlocutory decree which it had previously entered with the consent of the parties to a pending divorce proceeding. We issued the writ and pursuant thereto the pertinent record has been certified to this court.

The interlocutory decree entered on May 3, 1962 ordered the husband, the petitioner here, to pay his wife $50 a week for her support and $150 as a counsel fee for the prosecution of her pending petition for divorce, and the husband has complied therewith. Nevertheless on July 23, 1962 the wife filed a petition to modify it "with respect to support and temporary use of household furniture, etc." After a hearing thereon before a justice of the family court, hereinafter referred to as the trial justice, the decree presently under review was entered on August 16, 1962. It increased the wife's allowance to $115 a week, ordered the husband to pay a hotel bill of $524.80 and certain other debts which the wife had incurred, and also to pay an additional counsel fee of $400.

The husband alleges in his petition that the trial justice acted without any legal evidence tending to prove a change in the wife's circumstances since May 3, 1962; that he exceeded his jurisdiction in making the decree operate retroactively; and that his·action was otherwise arbitrary, illegal and without justification. He further alleges that he is without any adequate remedy at law to correct such action except by recourse to this court for the issuance of its writ of certiorari.

The respondent wife moved to dismiss the petition on the ground that there was an adequate remedy by bill of exceptions. This motion was heard on motion day October 1, 1962 and denied from the bench. Notwithstanding such denial she has again urged the same contention in her brief, apparently on the assumption that the bench decision was without prejudice to her right to renew the motion at the hearing on the merits. This is a misconception on her part as the record clearly shows. However, since she has cited *Tillinghast* v. *Maggs*, 76 R. I. 401, and *O'Connell* v. *New York, N. H. & H. R. R.*, 92 R. I. 399, 169 A.2d 609, in support of her contention we have thought it well to consider it further here.

In the first place neither cited case is in point in the present situation. Here the decree under review is an interlocutory decree. Ordinarily no appeal lies from such a decree nor is it reviewable by a bill of exceptions. In a situation like the instant one we have heretofore exercised our discretion and issued the writ to bring up for review the record of the tribunal below where we thought it·might be warranted in the interest of justice. See *Adamo* v. *Adamo*, 59 R. I. 6; *Parenti* v. *Parenti*, 71 R. I. 18. In any event certiorari is manifestly appropriate in the case at bar since the husband alleges in his petition that the family court exceeded its jurisdiction. We have formerly held in reaffirmation of a long-established view that the primary office of the writ of certiorari is to review the action of a

lower court or tribunal allegedly taken without or in excess of jurisdiction. *White* v. *White,* 70 R. I. 48.

We now turn to the merits of the petition. The petitioner contends that the trial justice's decision increasing the wife's allowance and awarding her an additional counsel fee is without legal evidence to support it. He further contends that the trial justice exceeded his jurisdiction in ordering the payment of obligations incurred by the wife prior to the bringing of her petition for modification of the original decree. In other words he argues that the family court in considering such a petition is without power to enter a decree having a retroactive effect.

We think there is merit in this latter contention. It appears that sometime before the entry of the decree awarding her an allowance of $50 a week for her support the wife had received treatment from several doctors whose bills for services she presented in evidence. However, none of the doctors testified with reference to such treatment nor is there any legal evidence concerning the wife's health and the necessity of medical treatment therefor. Only her own unsupported statements in regard thereto appear in the record. The original decree makes no reference to such treatment or the need therefor and the wife's petition for modification of that decree does not allege any change of condition respecting her health as a ground for modification. Neither does such petition allege the need for an additional counsel fee or any change in conditions since May 3, 1962 which makes the fee of $150 inadequate.

As we view the record it appears beyond dispute that the only matter presented by her petition for the trial justice's determination was whether, because of a change in conditions since May 3, 1962, she required in the future for her support more than the amount of $50 a week previously decreed and, if so, how much more. Indeed this was the limit of his power in the premises. Whether or not she asked for the payment of past debts, he could not validly

decree payment by the husband. In a matter of this nature the family court has been given by statute only the power formerly vested in the superior court and no more. In this connection we have clearly held that "The Superior Court's power of modification can be used only to alter the future operation of the decree." *Asadoorian for Writ of Habeas Corpus,* 48 R. I. 50, 53. This holding was expressly referred to and followed in *Parenti* v. *Parenti, supra.* The trial justice therefore exceeded his jurisdiction in modifying the decree of May 3, 1962 as far as the past due debts were concerned.

As to the modification allowing an additional counsel fee, he was within his jurisdiction in view of the fact that such decree expressly provided that the fixing therein of the $150 fee was "without prejudice to petitioner's solicitor to ask for additional fees at a later date." But we think the trial justice erred in entertaining the matter on the petition before him since it did not pray for such relief. It is true that respondent sought to bring up the subject by oral motion, but in our opinion such a motion was not entertainable over the husband's objection.

It is the firmly-established practice for motions or petitions seeking modification of an interlocutory decree in any of its provisions to be filed in writing and due notice thereof served on the adverse party's counsel of record. We are not aware of any rule of the family court which has altered such practice, consequently the award of $400 must be reversed. However, since this action on our part does not decide the merits of an additional counsel fee, it will not preclude the wife from filing another motion or petition in writing for such a fee in accordance with the express reservation contained in the decree of May 3, 1962, which remains in full force and effect.

This brings us to the question whether there is any legal evidence in the record to support the trial justice's decision increasing the allowance to the wife from $50 a week fixed

by that decree to $115 a week. In this state the rule was long ago established that such a decree settles the rights of the parties until a change in conditions is shown. *Moore v. Moore,* 53 R. I. 294. The party seeking a modification thereof has the burden of proving by a fair preponderance of the evidence that a change in conditions which warrants the modification prayed for has occurred since the entry of the decree. In the case at bar this burden rested upon the wife to prove her need for an increase in the allowance granted on May 3, 1962. It was also incumbent upon her to prove that her husband was financially able to pay such increase. Moreover the evidence to establish such proof must be legal evidence. *Adamo* v. *Adamo, supra.*

We have carefully examined the transcript and we find no legal evidence tending to prove that in the brief period of three months since the entry of the decree of May 3, 1962 there was any change in the circumstances of the wife that would justify an increase in the allowance. Indeed there is little or no testimony on this issue except the statements of the wife that her doctor had told her she should not be alone but should be among people while she was "going through this emotional trauma," and consequently she hired a room at the Colony Motor Hotel at the rate of $66 per week. As we pointed out earlier in this opinion, she presented no medical evidence to support such statements. Aside from the fact that her testimony, in our opinion, does not amount to legal evidence, it is obviously without probative force to prove that there was a change of conditions since May 3, 1962 justifying an increase in her allowance to $115 per week. This portion of the trial justice's decision is therefore in error.

The petition for certiorari is granted, the decree of August 16, 1962 is quashed, and the record certified to this court is ordered returned to the family court with our decision endorsed thereon.

ON MOTION FOR REARGUMENT.

JANUARY 10, 1963.

PER CURIAM.   After our decision in the above cause was filed, the respondent was granted permission to present a motion for reargument.   Pursuant thereto she has filed such a motion setting out therein the particular reasons on which she bases her contention that justice requires a reargument of the case.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Higgins, Cavanagh & Cooney, John P. Cooney, Jr., Guido R. Salvadore,* for petitioner.

*Pat Nero,* for respondent.