208 A.2d 390.

ARTHUR ROBINSON *vs.* HELEN T. ROBINSON.

MARCH 22, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This is a petition for modification of a final decree of divorce entered on June 28, 1963. Under the terms thereof the petitioner was required to make a weekly payment of $45 for the support of his former wife and the then minor child of the parties. After a hearing by a justice of the family court, a decree was entered denying and dismissing the petition, from which the petitioner has prosecuted the instant appeal to this court.

It appears from the record that custody of the parties' minor child was awarded to the wife and that the order for support had application to both the wife and the child. It is not disputed that at the time of the hearing in the family court on the instant petition the daughter had attained her majority. The record discloses also that a petition by the wife seeking to modify the final decree by way of an order for an increased allowance had been heard with the instant

petition and was also denied by the trial justice. From that decision the former wife has prosecuted no appeal.

In the course of the hearing evidence was adduced by petitioner for the purpose of showing a change in conditions occurring since the entry of the prior decree, this in order to meet the burden of proof set out by this court in *Gordon* v. *Gordon*, 95 R. I. 299, 186 A.2d 732. We there noted that a petitioner who seeks to modify a decree fixing an award for support must show by a fair preponderance of the evidence the occurrence of a change in circumstances or conditions since the entry of the prior decree that warrants an alteration in the provisions thereof. In the instant case the wife presented evidence as to a change in the condition of her health which required increased expenditures for medical services and supplies and keeping her emancipated daughter home to perform normal household duties. This evidence, although offered primarily in support of her own petition, properly may be considered by the trial justice in determining compliance by the husband with the burden of proof on his own petition.

The petitioner, in testifying as to altered conditions relating to his ability to pay, said that he had remarried since the entry of the final decree and that in the conduct of his business he had incurred debts of approximately $1,800, which he did not owe at the time of the entry of the prior decree. He testified further that his daughter was in good health and able to provide for her own support, and he sought also to testify as to the amount of his present weekly expenses. Such testimony was excluded by the trial justice on objection. On an appeal from a decision of a trial justice, it is settled that the findings upon which that decision is based will not be disturbed by this court unless clearly wrong. *Winslow* v. *Winslow*, 90 R. I. 146. Therefore, it is the petitioner's burden in this court to establish that the trial justice, in making the pertinent findings, either over-

looked or misconceived relevant or material evidence on a controlling issue. See *Labbe* v. *Hill Brothers, Inc.,* 97 R. I. 269, 197 A.2d 305.

The petitioner, as we understand him, argues that the trial justice misconceived the materiality of proof of the daughter's emancipation and the probative force of evidence concerning the amount of his present weekly expenses as these constituted a change in conditions affecting his ability to pay. We do not agree that the court misconceived the effect of the daughter's attainment of her majority on the need of the wife for increased support. He found in his decision that "the Petitioner no longer has a legal responsibility to support the minor child of the parties." Therefore, we will not impute to him an intention to include within the award of support an allowance for the support of the child. Neither can we agree with petitioner's argument that in excluding testimony as to his present weekly expenses the court misconceived the probative force thereof. The record discloses clearly that petitioner stated that the weekly expenses concerning which he would have testified during the hearing were "about the same" as his weekly expenses had been at the time of the prior hearing on a motion to modify the pertinent decree.

The issue confronting the court then was whether a change in circumstances or conditions had occurred since the entry of the prior decree that would warrant a modification thereof with respect both to the welfare of the wife and the husband's ability to pay. *Spaziano* v. *Spaziano,* 94 R. I. 258, 179 A.2d 849. In that case we said: "* * * a decision to modify an order to pay for support may not be made solely upon either the needs and welfare of the children or the capacity of the father to pay. Rather it depends upon a reasonable relating of the needs of the children to the capacity to pay. Any order made for the reduction of the amount ordered for support should be granted only to the

extent that it is warranted by so relating the needs of the children to the capacity to pay." The instant record is persuasive that the trial justice applied this test to the evidence concerning the increased need of the wife for medical care and household assistance and the ability of petitioner to pay, and concluded therefrom that a reduction in the amount of support ordered would be without warrant.

This question was for determination by the trial justice in the first instance. That he was clearly wrong in the findings he made has not been shown. He had an opportunity to observe the witnesses as they testified and to evaluate their testimony in the light of such observation. It was on that basis that he concluded that a reduction in the amount of the award was not warranted even though the petitioner was no longer legally required to support his daughter. It is our opinion that the trial justice reached this conclusion in a reasonable exercise of the fact-finding power inhering in the family court and that in so doing he did not abuse his judicial discretion. We are constrained to conclude then that no error inhered in the action of the trial justice denying the petition.

The appeal of the petitioner is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the family court for further proceedings.

*Joseph E. Marran, Jr.,* for petitioner.

*William Gerstenblatt,* for respondent.