265 A.2d 640.

LAURA ROCK *vs.* RAYMOND ROCK.

MAY 26, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.   In March 1953, the petitioner filed a petition for divorce from the respondent in which she asked

for the custody of their minor children, a boy aged three years and an eight-month-old girl, and support for herself and the children. On January 5, 1954, a final decree was entered granting her the divorce, awarding her the custody of the children, and ordering the respondent to pay her the sum of $25 per week for the support of herself and the two children. On May 13, 1968, the respondent filed the instant petition to modify the January 5, 1954 decree. After a hearing in the Family Court, a decree was entered denying the respondent's request for a reduction of the support payments, and he thereupon filed this appeal.

The petition to modify alleges, in part, that the minor daughter of the parties, who was 15 years of age at the time this petition was filed, had requested permission to reside with her father, the respondent, and was in fact residing with him. He testified that she had been living with him for about two months prior to the hearing on the instant petition. The respondent prayed that he be awarded the custody of his daughter and that the order for support be rendered "in conformity therewith."

On the view we take, we do not deem it necessary to discuss the facts in great detail, and therefore shall confine ourselves only to those portions of the evidence pertinent to a resolution of this appeal.

It appears that after the divorce in 1954 respondent remarried and his second wife bore him a child, who was four years old at the time of the hearing in the Family Court. The respondent, his second wife, her 15-year-old son by a former marriage, their four-year-old child, and respondent's daughter live together in a house owned by respondent and his present wife. The respondent testified that he had been earning $120 per week at the time the 1954 support order was entered; that he had made the payments ordered in that decree up to the present time; and that his present take-home pay is $94.50 per week.

The respondent also testified regarding his cost-of-living expenses. He admitted that his present wife was receiving $46 per month from her former husband for the support of her 15-year-old son; that she also was working; and that they pooled their income together. He also testified that, when he married his present wife, she had "figured" to take care of her portion and the child. However, he admitted that he was, to some extent, supporting his present wife's 15-year-old son.

The respondent's son, who was 18 years of age at the time of the hearing in the Family Court, continued to live with his mother. He graduated from high school in June 1968 and was preparing to go to college. The son testified that he started to work part-time in the latter part of May 1968 as a bus-boy; that he was earning between $21 and $28 per week; that he put his earnings in the bank; that when he graduated he received some money as gifts; that he had about $136 in his bank account; that he was saving his money to go to college; and that none of it was going to his mother. He also testified that his mother allowed him to use her car; that she provided the gas and oil; and that she also gave him spending money.

The petitioner testified as to the amount of money necessary for the boy's support. She itemized the amounts she needed weekly and stated that she needed approximately $28 per week for his support and maintenance. She explained that this amount was just for the bare necessities and that she had not included any of the other necessities, such as rent, electricity, gas and telephone. With respect to the boy's use of her automobile, she said that he just started driving when he graduated; that she gave him permission to use it; and that it was the only way he could get back and forth to work.

In his decision the trial justice reviewed the testimony and made specific findings of fact. First of all, he noted

that the decree entered in 1954 ordering respondent to pay $25 weekly was for the benefit of both the wife and the two minor children; that there was nothing in the evidence to show that respondent does not have the ability to make the $25 weekly payments; that, even though respondent was then earning only $94 weekly instead of $120, which he was earning at the time the 1954 decree was entered, the fact that he made the $25 weekly payments regularly indicated that he did have the ability to make such payments; and that there was no testimony to indicate that the needs of his former wife for the support of herself and her minor son required less than the $25 which she was then receiving weekly. On the contrary, he pointed to her uncontradicted testimony that she needed more than $25 weekly for the son's support.

With regard to the evidence that the minor son was working, the trial justice noted that the uncontradicted evidence was that the mother was not using any of the son's earnings but rather that she allowed him to save it for his future education. He found that the son needed support from his father.

After reviewing the testimony the trial justice made the following findings of fact: (1) that respondent had the ability to pay $25 weekly; (2) that the wife and minor son needed the sum of $25 weekly for their support; (3) that respondent, as the moving party, had failed to sustain the burden of proof necessary for modification of the support payments; (4) that the minor child did not have the means to pay for legal services; (5) that the reasonable amount for the legal services rendered was $100; and (6) that respondent had the ability to pay such counsel fee.

On the basis of such findings he denied the motion to modify the support payments, and he ordered respondent to pay the counsel fee of $100. On June 28, 1968, a decree

incorporating the findings and orders of the trial justice was entered in the Family Court. This decree awarded the custody of the minor daughter to respondent but denied respondent's request for a reduction in the weekly payments due to his former wife under the 1954 decree.

We note at the outset that the question of the counsel fee is not an issue here. The only issue raised by respondent's appeal relates to the refusal of the trial justice to reduce the weekly support payments.

The respondent contends that the trial justice failed to take into account respondent's decreased earnings, respondent's remarriage and child through his second marriage, the change of custody of the minor daughter, and the minor son's earnings. The substance of respondent's challenge is that the findings of fact made by the trial justice are clearly wrong, and that he overlooked material evidence in arriving at his ultimate findings of fact and misconceived the applicable law. We do not agree. In our judgment the trial justice applied the correct law to the findings of fact made by him, and those findings are supported by competent evidence. He did not overlook any of the facts mentioned by respondent. Indeed, his decision and the decree entered on the basis thereof show that he considered respondent's earnings, his second marriage, the change of custody of the minor daughter, and the minor son's earnings.

The law applicable to the issues raised by this appeal has been discussed in a long series of cases. See *Robinson* v. *Robinson*, 99 R. I. 425, 208 A.2d 390; *Gordon* v. *Gordon*, 95 R. I. 299, 186 A.2d 732; *Spaziano* v. *Spaziano*, 94 R. I. 258, 179 A.2d 849; *Ricciardi* v. *Ricciardi*, 91 R. I. 455, 164 A.2d 855; *Getek* v. *Getek*, 81 R. I. 493, 104 A.2d 750; *Ciallella* v. *Ciallella*, 81 R. I. 320, 103 A.2d 77; *Hudson* v. *Hudson*, 80 R. I. 473, 98 A.2d 360; *Reynolds* v. *Reynolds*,

79 R. I. 163, 85 A.2d 565; *Moore* v. *Moore*, 53 R. I. 294, 166 A. 501.

A decree in divorce proceedings fixing an amount to be paid for the support of a child of the parties settles the rights of the parties until a change in conditions is shown. In determining whether there has been a change of circumstances or conditions sufficient to warrant the modification of such an order, the controlling factors are the needs and welfare of the children together with the ability of the father to provide for their reasonable support. As the court pointed out in *Spaziano* v. *Spaziano, supra,* at 260-61, 179 A.2d at 851:

> " * * * a decision to modify an order to pay for support may not be made solely upon either the needs and welfare of the children or the capacity of the father to pay. Rather it depends upon a reasonable relating of the needs of the children to the capacity to pay. Any order made for the reduction of the amount ordered for support should be granted only to the extent that it is warranted by so relating the needs of the children to the capacity to pay."

The party seeking a modification of a prior decree has the burden of proving by a fair preponderance of the evidence that a change in conditions which warrants the modification prayed for has occurred since the entry of the decree. *Gordon* v. *Gordon, supra,* at 304, 186 A.2d at 735.

In the case at bar the trial justice considered the fact of respondent's second marriage relative to his ability to continue the $25 weekly payments and obviously concluded that the second marriage did not affect his ability to continue the $25 weekly payments. On this record we cannot say that this finding is clearly wrong. Compare *Spaziano* v. *Spaziano, supra,* at 260, 179 A.2d at 850. It is also obvious that he did not overlook the fact that respondent's minor son was working part-time and earning some money, compare *Getek* v. *Getek, supra,* at 496, 104

A.2d at 751, and that, notwithstanding such evidence, he concluded that respondent failed to present any evidence concerning the needs of his minor son. The transcript supports the trial justice's findings that there is no evidence to indicate that the needs of his former wife for the support of herself and the minor son are less now than they were when the 1954 decree was entered.

The facts in the case at bar are peculiar for the reason that there has been a change in custody and respondent is seeking a reduction in the support payments because of such change of custody. In essence he is saying that, because the minor daughter is no longer living with her mother, the mother needs less money for the support of herself and the minor son, and, since the minor daughter is now living with him, he has assumed an added burden. However, granted that the change in custody is a circumstance to be considered, the fact remains that respondent failed to present sufficient evidence upon which the trial justice could reasonably determine the extent, if any, to which the 1954 support order should be modified in view of the change in custody of the minor daughter. Nor did he satisfy the trial justice that his ability to pay under the order in effect had been impaired by the change of custody. In brief, the trial justice concluded that respondent failed to meet his burden of proof. See *Spaziano* v. *Spaziano, supra,* at 261, 179 A.2d at 851. Compare *Getek* v. *Getek, supra,* at 496, 104 A.2d at 751.

The trial justice's decision in a case of this kind will not be disturbed by this court unless the findings on which his decision is based are clearly wrong, or unless, in making such findings, he overlooked material evidence or misconceived the applicable law. *Ricciardi* v. *Ricciardi, supra,* at 458, 164 A.2d at 857. After examining the record, we are convinced that the evidence supports his findings and that he neither overlooked material evidence nor miscon-

ceived the applicable law. Therefore, we affirm his findings and the decision and decree based thereon.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed and the case is remitted to the Family Court for further proceedings.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for petitioner.

*Thomas C. Angelone, Ralph J. Gonnella,* for respondent.