360 A.2d 108.

JEAN BENUM *vs.* CARL M. BENUM.

JULY 12, 1976.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is an appeal from the granting of a motion of the respondent to suspend payments for the support of a minor child ordered by a decree of the Family Court entered on August 21, 1974. In that decree custody of the minor children, Jill 12 years of age and John 8 years of age, was awarded to the mother with the right reserved to the father to see, visit and take both children on alternate weekends and at certain other specified times including one month during the summer. The decree also ordered the father to pay to the petitioner the sum of $30 weekly for her support and the support of the two minor children until the entry of final decree, at which time alimony was to be permanently waived and the father was to pay $15 weekly for the support of each child.

On September 11, 1974, respondent filed his motion to suspend payments for the support of Jill Benum alleging that the child refused to see him in accordance with the provisions of the decree of August 21, 1974, and praying that he be relieved of support payments for each week

that the child refused to see and visit with him under the terms of the decree.

On November 8, 1974, a Family Court justice, after a hearing on respondent's motion entered a decree relieving respondent of making any payments to petitioner for support of Jill Benum until further order of the court and as long as Jill Benum refuses to see or accompany respondent in accordance with the decree of August 21, 1974, and ordered support payments suspended forthwith. From that decree, petitioner is now prosecuting an appeal to this court.

The question before us for our determination is whether the Family Court justice erred in suspending payments for the support of the minor child without taking testimony and without considering the child's needs and welfare.

At the hearing in Family Court on respondent's motion to suspend payments, it was conceded that the minor child, Jill Benum, refused to see and visit with her father. There was no allegation or evidence that petitioner in any way interfered with the visitation rights granted respondent under the prior decree. At the hearing, counsel for both petitioner and respondent requested that the trial justice talk with Jill Benum to ascertain why she refused to see or visit with respondent. The trial justice refused saying that he had spoken to the child some two years ago and that in his opinion it would not be worthwhile to speak to the child again.

The petitioner argues that in considering a motion to modify support payments the court must relate the needs and welfare of the child to the capacity of the father to pay support. She asserts that the court did not consider or determine whether the child's welfare would be harmed by the suspension of payments for her support.

The respondent argues that the court has authority to

suspend support payments where the child refuses to comply with provisions of a decree granting the father visitation rights. He contends that the suspension ordered by the Family Court justice is not a permanent modification but rather a temporary order which is within the power of Jill Benum to change at any time by merely complying with the visitation order in the prior decree.

The courts are in disagreement as to whether an order for support of minor children may be modified on the ground of denial of visitation rights granted in a divorce decree. The respondent on the one hand points out that courts have held that support payments may be suspended where a minor child, who is in the custody of the mother, refuses without justification to visit the father as provided by a divorce decree. *Snellings* v. *Snellings*, 272 Ala. 254, 130 So.2d 363 (1961); Annot., 95 A.L.R.2d 142 for collected cases.

The petitioner, on the other hand, directs our attention to jurisdictions which hold that support payments cannot be suspended if a child refuses to see a father or if the mother denies the right of visitation to the father. *Reiter* v. *Reiter*, 225 Ark. 157, 278 S.W.2d 644 (1955); Annot., 95 A.L.R.2d 144 for collected cases.

There is no decision of this court directly on point. The respondent cites *Weinbaum* v. *Weinbaum*, 153 A. 303 (R. I. 1931), as authority for the Family Court justice to suspend support payments where visitation rights ordered in a prior decree have not been complied with.

While it is true that the cited case is concerned with child support payments because of the father's inability to exercise his visitation rights, it is distinguishable for two reasons. First of all in that case, the father's visitation privileges were obstructed by the mother taking the child outside of the state. Here, there is no showing that petitioner has interfered with respondent's visitation rights,

rather it is the child who is depriving the respondent of his rights. Secondly, the divorce decree in *Weinbaum* specifically provided for support payments to be made only if the father were allowed to exercise visitation rights. Here, the provision for support payments was not contingent on the exercising of visitation rights.

After reading the cases cited both by petitioner and respondent and considering the divergent views therein contained, we are of the opinion that the better rule is that it is within the judicial discretion of the court to suspend payments ordered for support of a minor child where said child refuses to comply with visitation rights granted to a father under a court decree, but that such determination by the court should be made only after complying with the well-settled rule that, in determining whether there has been a change in circumstances or condition sufficient to warrant the modification of an order for support of a child of the parties to a divorce action, the controlling factors are the needs and welfare of the child together with the ability of the father to provide for his reasonable support. *Spaziano* v. *Spaziano*, 94 R. I. 258, 179 A.2d 849 (1962); *Getek* v. *Getek*, 81 R. I. 493, 104 A.2d 750 (1954); *Reynolds* v. *Reynolds*, 79 R. I. 163, 85 A.2d 565 (1952).

In the instant case, there has been no finding by the trial justice relative to the needs and welfare of Jill Benum nor have we been able to find anything in the record of the hearing, wherein no testimony was taken, on which a determination as referred to in *Spaziano* could be made relative to the needs and welfare of the child in suspending support payments. In the absence of such finding or evidence the trial justice abused his discretion in granting the respondent's motion to suspend support payments for the minor child, Jill Benum.

The appeal of the petitioner is sustained, the judgment appealed from is vacated and the case is remanded to the Family Court with direction that a de novo hearing be held on the respondent's motion to suspend support payments in accordance with this opinion.

*Frank R. Mazzeo, Leo X. McCusker,* for plaintiff.

*Alfred Factor, Kirshenbaum & Kirshenbaum,* for de-defendant.