894

403 A.2d 1088.

BARBARA T. ERVIN *vs.* BILLY M. ERVIN.

JULY 18, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

PER CURIAM. This is an appeal from the granting of a motion of the respondent-father to suspend temporarily payments for the support of a minor child until said child regularly visits with the respondent. A final divorce decree entered on September 25, 1969, awarded custody of the parties' minor child Michael to the petitioner-mother, subject to the respondent's right to reasonable visitation with the child. The decree also ordered the respondent to pay the sum of $100 monthly for support of the child. In 1976 a dispute arose concerning the respondent's exercise of his visitation rights. On November 26, 1976, the respondent filed his

motion to suspend child-support payments, alleging that Michael refused to visit with him. The petitioner filed cross-motions requesting, *inter alia*, that support for herself and the child be increased. A hearing was held in the Family Court on July 25, 1977, an order was entered suspending the child-support payments until such time as the child would regularly visit with the respondent. The petitioner immediately filed a notice of appeal, and a decree was entered staying the operation of the suspension decree.

As the petitioner correctly asserts, the trial justice erred by failing to consider the financial ability of the respondent to support Michael and the needs and welfare of the child when he granted the respondent's motion. The instant case is directly controlled by our decision in *Benum v. Benum*, 116 R.I. 641, 360 A.2d 108 (1976). In that case we stated that, although a trial justice may discretionarily suspend payments ordered for support of a minor child when the child refuses to comply with visitation rights, such a suspension can only be ordered after a consideration of "the needs and welfare of the child together with the ability of the father to provide for his reasonable support." *Id.* at 645, 360 A.2d at 110. In the instant case, no evidence was adduced at the Family Court hearing concerning the financial resources of either the respondent or the petitioner, or the financial impact of the suspension of support payments upon the needs and welfare of the child. The trial justice made no findings regarding these matters. As in *Benum*, in the absence of such findings or evidence, the trial justice abused his discretion in granting the respondent's motion to suspend support payments for the minor child Michael.

The appeal of the petitioner is sustained, the judgment appealed from is vacated, and the case is remanded to the Family Court.

*Albert DiFiori*, for plaintiff.

*Howard Lipsey*, for defendant.