ISABELLE E. MOORE *vs.* THOMAS F. MOORE.

MAY 24, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This petition to modify an interlocutory decree, entered in divorce proceedings between the parties, is before us on respondent's appeal from a decree of the Superior Court modifying said interlocutory decree by increasing the weekly allowance for the support of a minor child of the parties from $5.00 to $7.00 per week.

In September, 1931, the petitioner obtained a decision for divorce from the respondent and was awarded the custody of said child. Petitioner waived alimony but the court entered a decree directing respondent to pay weekly to the petitioner the sum of $5.00 for the support of this child.

At the hearing on motion to increase this allowance, two questions were involved: (1) Had the cost of supporting the child increased? (2) If said cost had increased, did the respondent have ability to pay more than $5.00? The petitioner failed to show either that the cost of supporting the child had increased or that for the reasonable support of the child respondent was able to contribute more than he was ordered to pay by the original decree. Said decree settled the rights of the parties until a change in conditions is shown. 19 C. J. 324. It was not contended that respondent's ability to contribute had changed for the better. On the other hand, a fair summary of the evidence shows that the respondent's financial condition and earning capacity were much lower than when he was ordered to pay the sum of $5.00 per week. He now has no property. The only evidence as to his ability to pay was his testimony that he earned from $10 to $12 per week doing such odd jobs of plumbing as he could obtain. The trial justice may have been justified in his belief that respondent was not entirely frank with the court. However, there was no evidence tending to show that respondent's earning capacity was not in accordance with his testimony or that he earned enough to permit him to live and also contribute more than $5.00 weekly.

The only suggestion as to increased need was that there was need of dental work for the child and that some expense —the total amount of which did not appear—had been incurred by reason of the child's illness, for a short space of time, with children's diseases. Such expenses are not permanent and are incidental to the support of children. It is admitted that at the present time the child is in good health; and there is no evidence tending to show that respondent has ability to contribute more than $5.00 per week.

As we have indicated, the petitioner has failed to show either increased need or greater ability on the part of respondent to contribute. The petitioner having failed to maintain the burden of showing a change of circumstances warranting an increase in the allowance—see 19 C. J. 324—it follows that the modification of the decree was error. By reason of the fact that failure to pay, even through inability, may result in respondent's incarceration, it is particularly important not to decree payments in excess of his ability to pay.

The respondent's appeal is sustained, the decree appealed from is reversed and the cause is remanded to the Superior Court with direction to dismiss the petition to modify.

*Charles B. Coppen,* for petitioner.

*Frank H. Wildes,* for respondent.