BETTY R. REYNOLDS *vs.* FRANK G. REYNOLDS.

JANUARY 11, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

164

FLYNN, C. J. This proceeding was brought by the respondent to modify or amend a final decree of divorce in respect to certain allowances therein fixed for the support of two minor children of the parties. After a hearing in the superior court a decree was entered reducing such allowances from $200 to $100 per month, and the cause is here on the petitioner's appeal from that decree.

The following facts among others appear in evidence. Betty R. Reynolds, known as Jane Reynolds, who is the petitioner in the original divorce action and the appellant here, is the mother of the two children whose support is involved. Frank G. Reynolds, known as George Reynolds, is the respondent in the original action and the father of said children. In the superior court a final decree was duly entered April 12, 1950 granting to petitioner therein an absolute divorce from respondent, the custody of their two children, and alimony and allowances totaling $375 monthly for the support of herself and the children up to a certain

date. The decree also included the following provision: "From and after the month of February, 1950 the respondent is ordered to pay to the petitioner the sum of Two Hundred Dollars ($200.00) per month for the support of said minor children, and from and after that date alimony is permanently waived." The children were then respectively ten and six years of age.

At that time the respondent was, and is now, an officer in the United States Navy having the rank of commander. He was receiving a gross monthly pay of $883, out of which he paid an income tax of about $53 per month. As he was serving on an aircraft carrier he had quarters aboard ship and was required to pay only about $40 monthly for his subsistence. Thereafter according to his testimony he was transferred to shore .duty at Washington, D. C., where quarters were not provided and no allowance therefor was received by him.

The respondent has married again and is living with his present wife and her daughter by a former marriage. His wife's mother also is expected to join them. His gross monthly income now is $826.50, out of which he pays $78.50 on account of his income tax. He testified that a rental apartment was not available and he was forced to buy a house for $15,000. The purchase price was represented by two mortgages, one of $3,500 and the other of $11,500, which require payments of $55 and $72 per month respectively, making a total of $127 expended by reason of said mortgages including principal and interest. In addition he pays monthly about $53 for utilities and also an estimated $125 for food. The above reduction in his monthly income, after income taxes, from $830 to $748 and the increased living expenses from $40 for subsistence to $305 for mortgage payments, utilities and food, constitute all the changes in circumstances upon which he based his motion for a reduction in the allowances specified in the final decree for the support of his two minor children.

On the other hand appellant also has married again and

is living with her present husband and his minor son, aged seventeen years. She testified as to the need of $200 monthly to properly support and educate her two children in accordance with the standards of a commander in the United States Navy. In this connection she presented a breakdown of the amounts required, including therein subsistence, medical and dental care, a proportionate share of the rent, and some comparatively minor items of a personal nature, such as monthly payments on a television set and a small sum for spending money on vacations. Her husband has an income of $100 weekly and they live in an apartment for which they pay rent of $70 per month whereas when she was married to respondent the payment for rent amounted to $90 per month. According to her testimony the television set is practically paid for and she intends that all surplus allowances beyond the necessities for her children's maintenance would be devoted to their education.

The trial justice in a brief decision found that "these children are living at a standard set by the other man and not by Commander. Reynolds. I think all in all the commander has shown a sufficient change of circumstances." He then granted respondent's motion to reduce the allowances to $100 for the support of the two children, that is, $50 per month for each child.

The appellant contends that the trial justice misconceived the applicable law and also either misconceived or wholly overlooked material evidence, thus causing him to make such a drastic reduction that it constituted an abuse of sound discretion and a clear error of law. On the other hand respondent argues that the decision of the trial justice should not be disturbed unless it is shown to be clearly wrong, and that although the reduction is substantial there is ample evidence to support the decision as embodied in the decree appealed from.

It is conceded that the welfare of minor children and their support is always subject to the control of the court

and that the provisions of a decree regulating their support may be modified or amended for cause. General laws 1938, chapter 416, §14. *Budlong* v. *Budlong*, 51 R. I. 113; *Reynolds* v. *Reynolds*, 53 R. I. 326, 329. This principle of law also applies to an appropriate hearing on a motion to modify the provisions of a final decree of absolute divorce in respect to such allowances. *Durfee* v. *Durfee*, 61 R. I. 51. Moreover it is now well settled that ordinarily the decision of a trial justice in a proceeding of this type will not be disturbed unless it is clearly wrong. But if the trial justice in making such a decision misconceives the applicable law or entirely overlooks material evidence on a vital issue it should not be allowed to stand. See *Hoefler* v. *Hoefler*, 72 R. I. 54, 56; *Brown* v. *Brown*, 62 R. I. 375.

In the instant case the trial justice found that the two children were now living in accordance with the standards of their new home and at least by clear inference assumed that such standards were lower than those formerly maintained by respondent as a commander in the navy, thus requiring smaller allowances for their maintenance. We find no evidence in the transcript to support such an assumption. For aught that appears in the evidence these children are enjoying a standard of living which is equal to that formerly provided by the respondent at the time of the entry of the final decree. Certainly there is no evidence that either their needs or standards have been reduced and none that they exceed those presently pertaining to respondent. In our judgment the trial justice erred in this respect.

Moreover, apart from the above erroneous assumption, the trial justice apparently based his decision solely on a finding that respondent had established a sufficient change in circumstances. In our judgment that fact is an element to be considered at a hearing to modify a provision for such allowances in a final decree of divorce. But there are also other facts to be considered. The needs and welfare of the children together with the ability of the father to provide for their reasonable support are always controlling

factors. See *Budlong* v. *Budlong, supra*. In the instant case the. trial justice either misconceived this principle of law or entirely overlooked the evidence regarding respondent's ability to satisfy the provisions of the final decree.

The respondent had the burden of showing that the change in circumstances so affected his ability to pay the allowances fixed by the final decree that continuance thereof would be unjustly burdensome and that modification of the decree was reasonably required. *Hoefler* v. *Hoefler, supra*. On his own undisputed testimony, however, the expenditures which he must make for all the new obligations that he voluntarily has incurred, including payments on the principal of mortgages which are to that extent capital investments, and the support of his wife's daughter and possibly his wife's mother, amount to $305 per month out of his net monthly salary of $748, thus leaving a balance of $443. If $200 is then paid in accordance with the final decree he would still have a monthly surplus of $243 for such other spending or saving as he might determine. In the circumstances it seems clear that the respondent was financially able to continue such payments for his children's education and support, even under the new marital obligations which he had voluntarily undertaken.

In our opinion the trial justice was in error in basing his decision substantially on a mere change of circumstances without considering whether, notwithstanding such change, respondent was still financially able to continue to pay the allowances for his children's support under the final decree without such payment becoming unjustly burdensome or depriving him of the reasonable means to provide for his own proper living expenses.

The appeal of the petitioner is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*Joseph R. Libby,* for petitioner.

*Harry Feigelman, Alexander G. Teitz,* for respondent.