Nancy Louise Ricciardi *vs.* Paul M. Ricciardi, Jr.

NOVEMBER 9, 1960.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

456

PAOLINO, J. This cause is before us on the petitioner's appeal from a decree denying without prejudice her petition to modify a final decree of divorce with respect to the allowance therein fixed for the support of the minor child of the parties.

It appears from the record that on November 12, 1959, a final decree of divorce was entered in the superior court awarding petitioner a divorce and the custody of Susan Elizabeth Ricciardi, the minor child of the parties. The respondent was given the right to visit the child at all reasonable times and he was ordered to pay to petitioner for the child's support the sum of $50 on the first business day of each month thereafter.

In January 1960 the child, who was about three years of age, suffered injuries in an accident in her home resulting in serious burns which required prolonged hospital and medical care. The petitioner testified that she paid the hospital bill of $1,568.30 with money which she borrowed from her grandmother but that certain medical bills remain unpaid.

The instant petition which was filed in the superior court on March 17, 1960, and heard on April 22, 1960, prays that respondent be adjudged in contempt of court for failure to make payments in accordance with the final decree; that due to the change in circumstances caused by said accident the final decree be modified by increasing the allowance for support; that respondent be ordered to make such payments every two weeks instead of once a month; and that he be ordered to pay to petitioner reasonable counsel and witness fees to prosecute the instant petition. The petitioner alleges therein that she is without funds to pay the

medical expenses for the care of their child and that respondent has sufficient income to do so.

At the hearing in the superior court the respondent testified in substance that he was earning $3,900 a year as a schoolteacher; that his take-home pay was $116 every two weeks; and that he was paid twice a month. He also testified that he had remarried since the entry of the final decree; that he had set up a home of his own; and that he had outstanding bills and loans on which he was paying. The amount of said bills and loans is not in evidence. In cross-examination he admitted that he worked at a swimming pool during the summer of 1959, before the entry of the final decree, but the amount he received from such work is similarly not in the record. Finally, he admitted that at the time of the hearing he was $300 in arrears in his payments.

After the hearing the superior court entered a decree adjudging respondent in contempt to the extent of $300 and providing therein that he might purge himself by paying petitioner $10 a month in addition to the $50 a month which he had been previously ordered to pay. The decree also provided: "The rest of the petition is denied without prejudice."

The instant appeal relates solely to the order denying without prejudice two of petitioner's prayers, namely, the one whereby petitioner sought to modify the final decree of divorce with respect to the amount of the allowance and the time of its payment, and another for counsel and witness fees. Under her reasons of appeal petitioner in substance contends that the trial justice was clearly wrong in his findings of fact and that he erred in applying the law.

We shall first consider petitioner's request for an increase in the allowance for the support of the child. The law on this question is well settled in this state. As was said in *Gartner* v. *Gartner,* 79 R. I. 399, at page 402: "Where it is sought to modify a decree by increasing the allowance

fixed therein for the support of a child, the petitioner has the burden of showing that the cost of such support has increased and that the respondent is financially able to pay more than the amount which was originally fixed."

It is clear from the record that as a result of the unforeseen accident the cost of caring for the child has materially increased. But on the basis of the evidence before him the trial justice found that respondent was not financially able to pay more than the amount originally fixed in the final decree. This finding cannot be disturbed by this court unless it is clearly wrong. *Reynolds* v. *Reynolds*, 79 R. I. 163, 167.

After carefully reading the transcript we cannot say that such finding is not supported by the evidence, nor can we say that the trial justice overlooked any material evidence on this issue or misconceived the applicable law. He did not rule that respondent was not legally obligated to pay for the medical expenses in question. He merely made a finding of fact that on the evidence before him petitioner had failed to sustain the burden of proving respondent's financial ability to do so at that time. The respondent's testimony that his earnings at the time of the hearing were substantially the same as they were at the time of the entry of the final decree is uncontradicted. Nor has petitioner presented any evidence indicating that his expenses are less than they were at the time of the entry of the final decree. In the circumstances we cannot say that the findings of the trial justice on this issue were clearly wrong.

There is no merit in petitioner's contention that the decree is prejudicial because the trial justice in his decision from the bench declaring that he would deny the motion to modify the decree without prejudice stated further: "If the respondent should get into a position where he is in a financial position with increased earnings, the court might entertain it." In a case such as this the court speaks through its decree. The language of a decree can be ex-

plained, but it cannot be expanded or restricted by extraneous statements made during the course of a trial. The decree appealed from in the case at bar imposes no restrictions or limitations on petitioner's right to file a new petition to modify the final decree of divorce. She is at liberty to do so at any time. She will, however, be required to sustain her burden in accordance with the rule set forth in *Gartner* v. *Gartner, supra.* Increased earnings by respondent are not the only test of financial ability to pay an increased allowance. Decreased living expenses, possession of funds or property from which money could be realized for the support of the child, and other factors may also be considered in determining respondent's financial ability.

After careful consideration we are satisfied that the trial justice in denying the petition to modify the decree in question considered all of the prayers therein. In our opinion he did not, in the circumstances, abuse his discretion in denying the prayer for a change in the manner of payment or the prayer for counsel and witness fees. *Gartner* v. *Gartner, supra,* at page 408.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Crowe, Hetherington & Chester,* for petitioner.

*Arcaro, Belilove & Kolodney,* for respondent.