## LUCY C. SPAZIANO *vs.* PASQUALE SPAZIANO.

APRIL 17, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J.  This is a petition brought by a husband to modify the terms of a final decree of divorce entered on November 20, 1959, which required him to make a specified weekly payment for the support of the minor child of the parties.  A justice of the superior court heard and granted the petition and as of July 5, 1961 entered a decree providing for a reduction in the amount of the payment for the support of the child.  From this latter decree the wife has prosecuted an appeal to this court.

It appears from the record that the original divorce was granted on the ground of extreme cruelty and that the wife, who prevailed therein, was awarded custody of Barbara, the minor child of the parties.  The order for the support of Barbara was in the amount of $17 weekly.  After a hearing on the instant petition the court reduced the amount of the order for support to the sum of $8 weekly.

The only witness to testify at the hearing was the husband.  He testified without contradiction that after the divorce became final he married again and that two children

had been born of the second marriage. He also testified in substantial detail as to his present income and the cost of supporting his present wife and two children. He conceded that his take-home pay is about $15 more than it was at the time the final decree was entered, and that because he does not claim the full number of income tax exemptions to which he is entitled the resulting increase in his withholding tax reduces the amount of his take-home pay. He further testified that he had purchased a new Buick automobile in 1960 and that a portion of the purchase price thereof remains unpaid.

In ordering that the amount awarded for the support of the child be reduced, the trial justice noted that the incurring of expenses necessary to support a household resulting from a second marriage will not absolve one from the obligation of providing for a child by the prior marriage. However, he correctly stated that such expenses are material to the question of the ability of one to conform to an order prescribing payments for the support of offspring by the prior marriage. This does not state the full measure of proof required of one who seeks to have an order requiring payments for support changed, whether by increase or decrease. Where a decree is entered prescribing an amount to be paid for the support of a child of the parties, such decree "settled the rights of the parties until a change in conditions is shown." *Moore* v. *Moore,* 53 R. I. 294, 295. In such cases the burden of proof is on the party pressing for the change. *Ciallella* v. *Ciallella,* 81 R. I. 320.

It is well settled that in determining whether there has been a change of circumstance or condition sufficient to warrant the modification of such an order, the controlling factors are the needs and welfare of the children together with the ability of the father to provide for their reasonable support. *Getek* v. *Getek,* 81 R. I. 493; *Reynolds* v. *Reynolds,* 79 R. I. 163. In other words, a decision to modify

an order to pay for support may not be made solely upon either the needs and welfare of the children or the capacity of the father to pay. Rather it depends upon a reasonable relating of the needs of the children to the capacity to pay. Any order made for the reduction of the amount ordered for support should be granted only to the extent that it is warranted by so relating the needs of the children to the capacity to pay.

In the instant case it was the burden of the husband, as the moving party, to establish not only that his ability to pay under the order in effect had been impaired, but also to what extent, if any, the needs of the child had changed. Only on such a record could the trial justice ascertain the effect of a reduction on the welfare of the child.

There is in the record here, however, no evidence concerning the needs of the child, and as a consequence thereof the trial justice has been deprived of an opportunity to determine the extent to which the prior order for support could be reduced to give the husband some reasonable relief from his financial problems and at the same time minimize the adverse effect of such reduction upon the welfare of the child. In short, it is our opinion that the husband in the instant case has failed to comply with the requisite burden of proof.

While it is well settled that in cases such as this we ordinarily will not disturb the decision of the trial justice, it is our opinion that in the peculiar circumstances of the instant case the interest of the child was prejudiced by this failure to comply with the burden of proof. For that reason we are constrained to hold that the decision of the trial justice reducing the payments from $17 to $8 a week was not based on evidence in the record and should be reversed.

The appeal of the respondent Lucy C. Spaziano is granted, the decree appealed from is reversed, and the cause is remanded to the family court for further proceedings.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for petitioner Pasquale Spaziano.

*Frank C. Cambio,* for respondent Lucy C. Spaziano.