229 A.2d 773.

SHIRLEY A. FERRAZZA *vs.* ALBERT C. FERRAZZA.

MAY 26, 1967.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. In this proceeding in the family court a final decree was entered on May 25, 1965, granting the petitioner a divorce, awarding her custody of the three minor children of the parties, and directing the respondent to pay her $50 per week for their support through May 28, 1966, and $25 per week thereafter. Just prior to that date the petitioner moved to modify, and on June 3, 1966, a decree was entered directing the respondent "to continue to pay the sum of $50.00 per week for the support of the minor children of the parties * * *." The case is here on the respondent's appeal from that decree.

The law controlling in matters of this kind is settled. The moving party has the burden of proving by a fair preponderance of the legal evidence, *Ciallella* v. *Ciallella*, 81 R. I. 320, that the children's need for support has increased and that their father is financially able to pay more than the amount originally fixed. *Spaziano* v. *Spaziano*, 94 R. I. 258; *Getek* v. *Getek*, 81 R. I. 493; *Reynolds* v. *Reynolds*, 79 R. I. 163; *Gartner* v. *Gartner*, 79 R. I. 399. Until such a change in conditions has been shown, the rights of the parties will remain settled under the existing decree. *Moore* v. *Moore*, 53 R. I. 294.

Our examination of the record discloses that petitioner was regularly employed at the time her divorce became final. Her average weekly take-home pay was $68, and in addition she received, of course, regular support payments of $50 per week from respondent. The total of $118 was all that was available to care for the children, to provide for herself, and to meet the mortgage payments on the home which under a separation agreement with respondent is now hers.

What causes the difficulty is that petitioner's financial condition has worsened since the entry of the final decree. Where once she worked full time, her poor health now makes it impossible for her to work steadily. Her earnings have been more than cut in half, and presently her average weekly take-home pay is only $30. Moreover, a general rise in the cost of living as well as the increasing demands of growing children have made it more costly to feed and clothe them and to meet the premiums on their medical insurance. While this increase in living expenses may be relatively small, it is not the sole criterion for determining whether or not the children need additional support from their father. No less relevant is petitioner's inability to assist as much as she once did in meeting those needs. *Pencovic* v. *Pencovic,* 45 Cal.2d 97, 287 P.2d 501; *Quinn* v. *Quinn,* 230 Mich. 503, 203 N. W. 170; *Landis* v. *Landis,* 131 N. J. Eq. 222, 24 A.2d 362; *Simpkins* v. *Simpkins,* 258 Iowa 87, 137 N. W.2d 621; *Kates* v. *Kates,* 347 Mass. 783, 200 N. E.2d 256. The two considered together make obvious the existence of a substantial gap between what is required if the children are to maintain their present living standards and what is presently available to the mother to satisfy those needs.

To justify an upward revision of a support order it must also be established that the father is financially capable of meeting the increased needs of his children. The respond-

ent testified as to his financial capabilities. He owns one half of the capital stock in a plumbing contracting business from which he draws a weekly salary of $117 and a year end payment of $1,000. His monthly expenses are approximately $390 exclusive of any obligation under the support order. When income and expenses are transposed into weekly amounts, it appears that respondent has available slightly in excess of $136 with which to meet expenses of approximately $90. In addition to his regular income, he also has capital assets consisting of his stock interest in the plumbing contracting business, the sole ownership of two apartment houses, and a 50 per cent interest in two others.

In the light of all the evidence we cannot say that the trial justice was clearly wrong in revising the support order so as to deny the respondent an opportunity to reduce the support payments for his children to $25 and to require him instead to maintain them at $50 per week. The record establishes that the increased needs and welfare of the children require the modification at least to the extent ordered and that the father is financially able to comply.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the family court for further proceedings.

*Saul Friedman, Harold I. Kessler,* for petitioner.

*Gallogly, Beals, Tiernan & Sweeney, James M. Jerue,* for respondent.