336 A.2d 842.

NORMA M. CAMBRA *vs.* EUGENE E. CAMBRA.

MAY 2, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is a motion by Eugene E. Cambra to modify the terms of a final decree of divorce entered on March 19, 1971, in which he, the respondent, had been ordered to pay the amount of $45 a week for the support of the only child of the marriage, Gregory Cambra, whose custody was therein awarded to the mother, Norma M. Cambra, the petitioner in that action. The matter was heard by a justice of the Family Court, who in his decision filed

on January 26, 1973, modified the final decree so as to provide for a reduction in the payments for support during periods in which the earnings of the husband were reduced. The amendatory language of the decision reads:

"The final decree is modified to the extent that the respondent is ordered to pay the sum of Twenty Dollars ($20) per week while his take-home pay is One Hundred Fifty Dollars ($150) or less per week. At any time that his take-home pay exceeds One Hundred Fifty Dollars ($150) and does not exceed Two Hundred Dollars ($200) he shall pay Twenty-Five Dollars ($25) per week. When his pay exceeds Two Hundred Dollars ($200), he shall then pay the excess over Two Hundred Dollars ($200) up to Twenty Dollars ($20) so that his payments for the support of the minor child shall then be Forty-Five ($45) per week as originally set forth in the final decree."

Each of the parties is now in this court prosecuting an appeal from that decision.[1]

In reaching its decision, the court adverted to the remarriage of the husband after the divorce and the birth of a child to that union and to the fact that he had been out of work for some 8 months due to an injury suffered in an industrial accident. The court, while conceding that Gregory's need for support had not diminished, recognized that the father had, in fact, incurred new and enlarged obliga-

[1] A close examination of the record in this case fails to disclose the entry of a decree embodying the precise terms of the court's modification of the final decree entered on March 19, 1971. The amendatory language was expressly set forth by the court in its decision filed on January 26, 1973. That such a decree was not entered is further substantiated by the fact that each of the parties, in claiming his and her respective appeal, left blank the date of the entry of the decree that would give expression to the orders contained in the decision. In these circumstances we feel that it is appropriate to treat this as an appeal from the pertinent portion of the decision rendered on January 26, 1973, wherein the extent to which the decree of March 19, 1971, is modified is set forth. *See* G. L. 1956 (1969 Reenactment) §14-1-52; *see also Poirier* v. *Poirier,* 107 R. I. 345, 267 A.2d 390 (1970).

tions because of his second marriage and that his ability to provide the support ordered in the original decree had been substantially impaired by his inability to work because of injuries.

The contention of the mother, that there had been no showing in the instant case of a change in the circumstances of the father's financial condition sufficient to warrant the trial justice in reopening the final decree, is without merit. It is settled that jurisdiction over the custody and support of minor children of divorced persons continues in the court whether provided for in a final decree or otherwise. *King* v. *King*, 114 R. I. 329, 333 A.2d 135 (1975); *Reynolds* v. *Reynolds*, 79 R. I. 163, 85 A.2d 565 (1952). However, the court should not exercise such jurisdiction absent a showing of some alteration or change in the circumstances and conditions that existed at the time of the entry of the prior decree, and the burden of so showing is on the moving party. *Vieira* v. *Vieira*, 98 R. I. 454, 457, 204 A.2d 431, 433 (1964); *see also King* v. *King, supra.*

In our opinion, the father has met that burden, having adduced evidence of an increase in his expenses arising out of his remarriage after the divorce and a decrease in his capacity to earn for a substantial period of time due to an injury. An increase in expenses arising out of a second marriage does not in itself absolve one from the obligation to provide for the support of a child by a prior marriage. However, the fact of such a remarriage and an attendant increase in expenses accompanied by evidence of disability preventing full earnings for a period of 8 months constituted a sufficient change in circumstances to warrant the trial justice in reopening the final decree. *See Spaziano* v. *Spaziano*, 94 R. I. 258, 179 A.2d 849 (1962). We conclude, then, that the Family Court did not err in exercising its jurisdiction to hear the motion for modification.

It is clear from a review of the father's wage transcripts

that prior to his disability he had earned a base wage of approximately $110 per week. This base wage was supplemented by overtime pay which substantially increased his income. His income had increased, due to his overtime earnings, from slightly more than $5,000 in 1969 to over $9,000 in 1971 when the original order to pay $45 per week was entered.

It is also clear that during his disability the father was compensated by unemployment insurance as well as temporary disability insurance in an amount comparable to his base wage. It is not disputed that substantially all of his medical expenses were paid by various health insurance plans.

The important ingredient which was missing from the father's income during his disability was his overtime earnings. Although testimony indicates that the father could look forward to increasing overtime opportunities when he returned to work, we have no difficulty in witnessing a fluctuation in the father's ability to pay support for his child during the time in question at the modification hearing. Indeed, the trial justice formulated an order, equitable in our minds, responsive to the situation of the father; that order is one made upon a sliding scale, which requires increased payments in periods of increased earnings and decreased payments in periods when overtime employment is not available and the father's earnings are decreased.

Before we begin consideration of the father's contention that the trial justice erred in sustaining the mother's objection to the introduction of testimony concerning her financial ability to contribute to the support of the child, we will dispose of a threshold question raised by petitioner mother. She argues antecedently that respondent father should be precluded from raising that evidentiary issue because he made no offer of proof at trial concerning her ability to support the child.

558

Without such an offer of proof, she asserts, this court has no way of ascertaining whether or not respondent was prejudiced by the trial justice's ruling. Although petitioner states the offer of proof doctrine correctly, she does not state it fully, nor does she properly apply it to the case at bar. It is true that an offer of proof is necessary in order to preserve a right of review; where no prejudice is demonstrated because of an absence of an offer of proof, we will not render what would, in effect, be an advisory opinion. *See Manning* v. *Redevelopment Agency*, 103 R. I. 371, 379, 238 A.2d 378, 382-83 (1968). The offer of proof doctrine will not, however, preclude appellate review where the desired response is obvious from questions put to a witness by counsel or by other revealing statements made at trial. *Manning* v. *Redevelopment Agency, supra.* Further, the doctrine of offer of proof will be relaxed where counsel is cross-examining a witness. *See* McCormick, *Evidence* §51 at 110 (2d ed. 1972) and *Calci* v. *Brown,* 95 R. I. 216, 186 A.2d 234 (1962).[2]

In the situation before us we are constrained to reject the objections of petitioner. In both respondent's memorandum of law to the Family Court and by his counsel's statements at trial, he clearly indicated an intention to show a change of circumstances in both the father's ability *and the mother's ability* to support the child. In addition, a review of the transcript and the decision clearly indicates an understanding on the part of the trial justice that evidence of petitioner's income was being sought. It is true that respondent did not make an offer of proof in those words, but it is clear that his intention was to adduce the contested evidence. In light of these circumstances, we

---

[2] We are aware of the trial technique which dictates that counsel will ask a question on cross-examination only when he or she is reasonably sure of the answer that the witness will give. Notwithstanding this problem an attorney cross-examining a hostile witness cannot be held to have more than a mere suspicion of what answer the witness might give.

must reject petitioner's argument and proceed to the heart of this action.

We turn, then, to the question whether the trial justice erred in sustaining petitioner's objection to inquiry by respondent concerning her financial condition. It is clear from the record that the trial justice was under an impression that such testimony was inadmissible, noting in sustaining the objection that he was bound by decisions of the Supreme Court.[3]

There appears to be some confusion, perhaps more apparent than real, among the cases construing the various provisions of this statute, G. L. 1956 (1969 Reenactment) §15-5-16. It is our opinion, however, that the question of the admissibility of evidence concerning the financial ability of a mother to contribute to the support of a child placed in her custody has been settled in *Ferrazza* v. *Ferrazza*, 102 R. I. 265, 229 A.2d 773 (1967). In that case we held that testimony as to a mother's decreased ability to assist in the financial support of the child of whom she has been awarded custody is a relevant factor in cases involving a petition for modification of a decree.

We are persuaded that our decision in *Jennings* v. *Jennings*, 78 R. I. 139, 79 A.2d 920 (1951), also supports the view that evidence concerning the financial status of a wife is admissible. In that case the court was considering a wife's motion for support pendente lite, which is not provided for in the statute under consideration but is a matter within the sound judicial discretion of the court. There we held that testimony that a wife had property of her own would not serve to preclude the entry of a decree ordering support pendente lite, but said that the possession of such

---

[3]In his decision the trial justice said: "However, the Court could not consider the earnings of the wife, who admittedly worked at Gorham Manufacturing Company, or the earnings of her new husband, but could only consider the needs of the child and the present ability of the respondent to provide for those needs * * *."

property is a factor to be considered in a determination as to whether such an award would be granted. We are constrained to hold that the principle laid down in *Ferrazza* and *Jennings* has application to the situation with which we are confronted in the instant case and hold that evidence as to the ability of the mother to contribute to the support of the child is relevant and admissible.

We are aware that *Hudson* v. *Hudson*, 80 R. I. 473, 98 A.2d 360 (1953), appears to hold that testimony as to the financial ability of a mother to contribute to support was not admissible. However, a close examination of the case indicates that evidence as to the financial ability of the mother to contribute to the support of the child was admitted into evidence. The court, in deciding to reduce the amount of the award for support of the child, felt it necessary to note that it had not so acted on the basis of evidence of her ability to contribute. Rather, the court simply was making it clear that in granting the reduction it had considered only the needs of the child and the ability of the father to contribute.

The view to which we subscribe above is, in our opinion, buttressed by the construction given the pertinent statutory language in *Gartner* v. *Gartner*, 79 R. I. 399, 407, 89 A.2d 368, 373 (1952). In that case we construed the language of the statute authorizing the court to regulate the custody and " '* * * provide for the education, maintenance, and support of children of all persons by it divorced * * *.' " We there said that in using such language the Legislature intended to confer upon the court a wide latitude to consider every factor that would serve to reveal in totality the circumstances and conditions and thus enable it to make such an order as would best serve the welfare of the child.

In *Gartner* we said specifically that the court " '* * * must necessarily be vested with sufficiently broad authority to make that power effective to obtain for the child an ade-

quate allowance for its needs. The authority merely to adjudicate any question concerning such needs is not enough in the case of a child. * * * Unless this is so the court's express statutory power to provide for the maintenance, education, and support of the child would be on many occasions a mere empty gesture." Certainly, the above-quoted language discloses a legislative intent that evidence as to the financial ability and status not only of the father but also of the mother be admissible as relevant and competent evidence on the issue of the child's welfare. To construe the statute otherwise would be to attribute to the Legislature an intent to reach an absurd result. This we will not do. *Berberian* v. *Berberian,* 111 R. I. 394, 303 A.2d 370 (1973). In this respect we think it is significant that the Legislature did not, in phrasing the statute, impose upon the father a prior obligation to assume the support of his child. Neither, for that matter, does the statute exempt the mother from the obligation to contribute in appropriate circumstances to the support of the child, particularly where an order so directing would serve to promote the child's welfare.

However, while holding that evidence as to the financial ability of a mother to contribute to a child's support is admissible in appropriate cases, we cannot concede that in the circumstances here the exclusion of such testimony prejudiced the respondent. The court, despite its exclusion of such testimony, did grant in substantial part the motion of the respondent for a modification of the decree and granted a rather substantial reduction in the amount to be paid when his earnings fell below specified levels. That being so, it is our conclusion that the appeal of the respondent is without merit.

The appeal of the petitioner is denied and dismissed; the appeal of the respondent is denied and dismissed; the judg-

ment entered below is affirmed; and the cause is remanded to the Family Court for further proceedings.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for petitioner.

*Frederick G. Cass, Rhode Island Legal Services, Inc.,* for respondent.