347 So.2d 815 (1977)
Angelo Joseph SANTACROCE, Appellant,
v.
Anne SANTACROCE, Appellee.
No. 76-893.
District Court of Appeal of Florida, Second District.
July 6, 1977.
*816 Gerald R. Colen, Devito & Colen, St. Petersburg, for appellant.
John W. Hamilton, Ware, Osborne & Hamilton, St. Petersburg, for appellee.
SCHOONOVER, JACK R., Associate Judge.
The appellant, respondent in the trial court, filed this timely appeal from that portion of a Final Judgment of Dissolution of Marriage awarding lump sum and periodic alimony as well as child support to the appellee, petitioner below.
The appellant contends that the lower court erred in awarding the appellee child support in the amount of seventy-five dollars per week and periodic alimony in the amount of ten dollars per week. We agree and reverse.
The parties were married on July 14, 1963, and lived together as husband and wife until August 27, 1975. They had one son as a result of their marriage, to wit: Anthony Gerard Santacroce, born September 3, 1966.
According to the testimony, the husband had the capacity to earn One Hundred Twenty-nine Dollars per week, and the wife needed, in addition to her earnings of Eighty Dollars per week, One Hundred Dollars per week to meet her needs.
During closing arguments, the wife's attorney suggested the sum of Twenty-five Dollars per week for child support, and the husband's attorney stated that he felt Twenty-five Dollars per week was not unreasonable.
At the conclusion of the trial, the Court dissolved the marriage, awarded custody of the child to the wife, appellee, and ordered the appellant to pay Seventy-five Dollars per week child support, Ten Dollars per week periodic alimony, and Four Hundred Dollars attorney fees. The residence was awarded to the wife as lump sum alimony.
If this award was allowed to stand the wife would have One Hundred Sixty-five Dollars per week available to her and her son, and the husband would have Forty-four Dollars per week available to him. The award against the husband would amount to more than Sixty-five per cent of his earning capacity and under the facts in this case would be excessive. Nevins v. Nevins, 305 So.2d 63 (Fla.3d DCA 1975), cert. denied, 327 So.2d 33 (Fla. 1976).
In view of our holding herein relating to the husband's financial inability to pay the support and alimony award, the trial court's order of contempt for appellant's failure to comply therewith cannot stand.
We accordingly reverse that portion of the Final Judgment pertaining to child support, and because of the peculiar facts of this case as to the need for child support, and the husband's resources, we direct the trial court to enter a judgment awarding the wife the sum of Twenty-five Dollars per week child support. Additionally, the judgment and sentence for contempt should be, and they are hereby, reversed. The judgment in all other respects is affirmed.
McNULTY, Acting C.J., and OTT, J., concur.