382 A.2d 816.

VIRGINIA H. BELLOWS *vs.* BURNEY H. BELLOWS.

FEBRUARY 15, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is an appeal from a decree granting the petitioner's motion to increase child support payments.

The parties involved in this Family Court proceeding were divorced on June 1, 1972. In this final decree of divorce respondent was ordered to pay $30 a week for the support of each of his two children. At that time his weekly gross salary was $150. The following year petitioner moved to modify the support order because of the increased needs of her children. After a hearing the trial justice found as a fact that the needs of the children had increased from $30 to $40 per week and that the father's augmented gross salary of $200 per week would permit him to meet at least part of the increased need. The weekly payments were thereupon ordered raised to $37.50 for each child and a modification of the support decree was entered to that effect. From that decree, respondent appealed to this court. After oral argument we remanded the case to the Family Court for clarification of the decision, *Bellows* v. *Bellows*, 116 R.I. 171, 353 A.2d 622 (1976), and the matter is now before us with an amended decision and a supplemental brief from respondent.

In order to justify such an upward modification of a child

support decree it must be established by a fair preponderance of legal evidence that the child's needs for support were not met under the original decree, or, if met, that such needs have increased, and that in either event the father is financially capable of paying an amount in excess of that originally ordered. In this appeal respondent argues that petitioner failed to meet these criteria. He contends first that the evidence does not show any change in the support requirements of the children, and second that the evidence shows he is unable to meet the increased support payments ordered by the trial justice.

With regard to the first point, respondent argues that petitioner's testimony itself showed that some of her child care expenses had remained unchanged since the 1972 support order, and that although she claimed that others had increased, she actually had no figures to support those claims.

The petitioner's testimony, however, did contain a variety of references to increases in the needs of the children. Besides offering an expense sheet in evidence, petitioner testified that since 1972 the cost of clothing had increased and that the children were in need of new outfits to replace their worn-out clothes. She also testified that because the cost of food had increased, she had been forced to buy less expensive meats and vegetables and as a result the children's diet had deteriorated. Furthermore, she stated that the costs of gasoline and trash pickup had increased as had her mortgage payments, and that as the children grew older, they were becoming involved in new activities which, along with their need for more allowance money, contributed to the necessity of increased support payments. Finally, petitioner indicated that she required public assistance to meet her family's needs.

In light of this testimony, we find no merit in respondent's first claim of error. There was sufficient evidence for the trial justice to find, as he did, that the

children's needs had substantially increased since the date of entry of the final divorce decree.

With regard to the second issue on appeal, respondent claims that his own calculation of his weekly expenses, introduced into evidence as respondent's Exhibit No. 2, contained an error in arithmetic resulting in a lower figure for those expenses than the one he now claims is correct. He thus argues that, in using the allegedly incorrect figure to offset income, the trial justice misconceived the evidence, and that this error warrants our reversing the decree and denying the authorized increase.

Assuming that respondent's own arithmetic mistake entitles him to appellate review, we see little substance in his claim to relief from the order increasing his support payments when that claim is viewed from the perspective of his circumstances as a whole. The weekly expenses figure presented in respondent's Exhibit No. 2 was certainly one of the factors employed by the trial justice in arriving at his conclusion that respondent had the ability to increase his child support payments, but because other factors were also considered, it is doubtful that the result would have differed had the correct figure been supplied.

The record shows that at the time of the hearing respondent owned and was employed by a corporation which grossed a quarter of a million dollars annually and returned a profit of $13,000 in 1971. The corporation was even able to show a small profit the next year despite losses from a major warehouse fire. The respondent was the sole stockholder in the corporation and set his own salary. He testified that he used a company car for both family and business purposes and was reimbursed for all automotive expenses; that he owned stock in a flying club and had cosigned an $18,000 note for the club's airplane; that he had recently taken trips to Jamaica and Mexico paid for by his company's distributors; and that he had bought a $36,000 house with his new

wife, in which he was then living with her and her two children. Included among his personal weekly expenses were the unprorated payments on the mortgage, heat and utility bills for the house, as well as payments on his second wife's pre-existing loan for a car which he had sold, using the proceeds to help meet the expenses of the new home. Money from the sale of the car was not recorded as income, but loan payments for that car were listed as a personal expense. Against this background, then, respondent's $200 weekly salary — itself an increase of 33⅓ percent over his salary at the time of the initial decree — is a purely arbitrary figure against which to measure personal expenses, making any error in calculating those expenses of little moment.

Furthermore, we have made it clear that in providing for the support of children of divorced parents, the Family Court may "consider every factor that would serve to reveal in totality the circumstances and conditions" bearing on the welfare of the children. *Cambra v. Cambra,* 114 R.I. 553, 560, 336 A.2d 842, 846 (1975); *see Gartner v. Gartner,* 79 R.I. 399, 403, 89 A.2d 368, 371 (1952). Such an investigation may include consideration of capital assets belonging to the father, such as stock in a partially or wholly-owned corporation, as well as other sources of income. *Ferrazza v. Ferrazza,* 102 R.I. 265, 267-68, 229 A.2d 773, 774 (1967). The trial justice indicated in his amended decision that he was not unaware of such factors and in our opinion the record contains sufficient evidence of resources of this nature to preclude a finding that the modification of the support decree was clearly wrong.

The respondent also claims that the trial justice compounded his initial error by taking into consideration the support payments made to the second wife for her two children as a factor in respondent's ability to pay. His own testimony, however, revealed that those funds were com-

mingled with his own in such a fashion that, as the court said, it was impossible to separate the two. According to that testimony respondent added the support payments to a single family budget from which he paid all the household expenses, including food and clothing for the stepchildren.

In any case, we find no error here, either. As we have just recently ruled, funds available to a second wife will not necessarily be excluded in considering a modification of a support decree where they show "more fully the father's ability to meet all his obligations." *Renaud* v. *Renaud,* 118 R.I. 365, 368, 373 A.2d 1198, 1200 (1977).

Looking at the evidence in the light of earlier cases and with due regard for the totality of circumstances, it is our opinion that the trial justice was not clearly wrong, nor did he overlook or misconceive material evidence on a controlling point, in finding that the needs of the children had increased and that the respondent was financially able to meet at least a part of that increase. That being the case we will not disturb the decree. *Levada* v. *Levada,* 116 R.I. 600, 604, 359 A.2d 701, 704 (1976); *Rock* v. *Rock,* 107 R.I. 172, 178, 265 A.2d 640, 644 (1970); *Sundlun* v. *Sundlun,* 103 R.I. 25, 32, 234 A.2d 358, 363 (1967).

The respondent's appeal is denied and dismissed, and the decree appealed from is affirmed.

*Martin L. Greenwald,* for petitioner.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for respondent.