382 A.2d 823.

NEIL C. PEIRSON *vs.* CATHERINE J. PEIRSON.

FEBRUARY 20, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This proceeding was brought to modify payments under a Family Court decree of divorce for the support of minor children. After a hearing before a justice of the Family Court, an order was entered reducing the support payments to the respondent for the benefit of the children from $100 per week to $60 per week. The respondent now appeals from that order to this court.

The petitioner and respondent were married on March 27, 1954. The respondent, Catherine J. Peirson, was granted an absolute divorce from petitioner, Neil C. Peirson, by a final decree of the Family Court entered on December 28, 1967. The petitioner was required to pay respondent $115 per week for the support of the five minor children and to deposit $7,500 in a trust fund for the children.[1] The final decree also ordered petitioner to pay the reasonable medical and dental bills of the children and expenses in connection with the reasonable education of the children beyond the secondary level. The petitioner was further required to transfer title to real estate located at 11 Apthorp Avenue in Newport, Rhode Island, to respondent. The payment of support was reduced to $100 per week by a Family Court order entered on May 19, 1970. This amended order was based on petitioner's 1969 income and expenses.

The petitioner filed a motion on October 10, 1975, for further modification of the support payments based on the decrease in the number of minor children and a reduction in petitioner's income.[2] On January 19, 1976, a Family Court justice entered an order granting petitioner's motion to

---

[1]This decree was amended by a Family Court decree entered on October 9, 1969, under which petitioner was ordered to pay the trust fund $75 per month until the sum of $7,500 was accumulated.

[2]The petitioner had reduced his payments from $100 to $60 per week without authorization from the court earlier in 1975. The first portion of the order of January 19, 1976, found the petitioner in contempt of court and directed him to pay the respondent the amount he had held back previously.

modify and reducing the payments for support of the minor children to $60 per week.

The sole issue raised on appeal is whether or not the Family Court justice was presented with sufficient evidence by petitioner upon which to grant this reduction of support.

In order for the court to grant a petition to reduce support payments for the benefit of minor children, the petitioner must show by a fair preponderance of the evidence that a change in circumstances or conditions has occurred subsequent to the entry of the prior order. *Heatherton* v. *Heatherton,* 110 R.I. 144, 145, 290 A.2d 912, 913 (1972). The moving party must relate the needs of the children to his own ability to pay; specifically, evidence must be presented to show "either an abatement of the needs of his children or an impairment of his own financial ability to provide for those needs." *Id.* at 146, 290 A.2d at 913-14; *see D'Arezzo* v. *D'Arezzo,* 107 R.I. 422, 425, 267 A.2d 683, 684 (1970); *Spaziano* v. *Spaziano,* 94 R.I. 258, 260-61, 179 A.2d 849, 851 (1962). Therefore, it was incumbent upon petitioner to present evidence showing a comparison of the relationship between his ability to pay and the needs of his children in 1969 — the data upon which the 1970 order was based — with his present income and the current needs of his children. Only if such a comparison demonstrated a substantial change in conditions could the Family Court justice order a reduction of support.

The petitioner asserted that since two of the five children were no longer minors, there was a significant alteration in the requirements of the minor children. However, the emancipation of some of the minor children is not sufficient alone to warrant a reduction in support where the needs of the remaining minor children are equal to or greater than they were at the time of the order which is sought to be modified. *Getek* v. *Getek,* 81 R.I. 493, 104 A.2d 750 (1954); *Hudson* v. *Hudson,* 80 R.I. 473, 98 A.2d 360 (1953). The

respondent presented uncontradicted evidence showing that the amount needed to support the minor children rose from $139.20 per week in 1970 to $181 per week in 1976, despite the fact that there were two fewer minor children in 1976. Therefore, as the requirements of the minor children had actually increased, it was essential that petitioner prove that his ability to pay had been substantially impaired since 1970. Only then could he establish a change in circumstances which would warrant a modification of the support order. *See Heatherton* v. *Heatherton, supra.*

The petitioner testified that his 1969 gross income was $41,000 and that his expenses for that year were $59,000. He then estimated that in 1975 his gross income was $48,762 and his expenses totaled $46,869. The petitioner then presented testimony showing that he owned 25% of the stock of the Newport Shipyard Corporation (Shipyard), but that it was a closely-held corporation which was currently indebted to the Small Business Administration for approximately $2,000,000. Further, petitioner stated that before the Navy departed from Newport, about 70% of the business of the Shipyard was in government contracts, whereas currently the Shipyard's military business had been reduced to 40% of its business. Thus, petitioner attempted to indicate that his projected income for 1976 would be less than his 1975 income due to a loss in business and commissions from the Shipyard.

Apparently relying upon this evidence, the Family Court justice found that petitioner's gross income for 1976 would be approximately $40,000. However, no evidence was presented nor was any finding made by the Family Court justice estimating petitioner's expenses for 1976, thus making comparison between petitioner's current financial status and that upon which the 1970 order was based virtually impossible. In order for petitioner's circumstances to have changed substantially for the worse in relation to in-

come and expenses, his expenses for 1976 would have to be estimated to exceed $58,000.[3] Therefore, the Family Court justice erred in basing the reduction of support solely upon the estimated reduction in petitioner's gross income in 1976.

Thus, according to *Heatherton* v. *Heatherton, supra,* the petitioner did not show a sufficient alteration of conditions to justify a reduction of the 1970 support order. The petitioner presented no evidence concerning the status of the Shipyard business in 1970 and he did not describe the changes that had occurred since then. Neither did he present testimony as to his estimated expenses for 1976. The Family Court justice made no findings of fact in relation to these items, nor did he address the fact that the needs of the minor children had risen considerably since 1970. Although the findings of fact of a trial justice are entitled to great weight, they may be disturbed on appeal if it can be shown that such findings are clearly wrong or that the trial justice has overlooked or misconceived material evidence. *Raheb* v. *Lemenski,* 15 R.I. 576, 350 A.2d 397 (1976); *Barattini* v. *McGovern,* 110 R.I. 360, 292 A.2d 860(1972). In the instant case, the Family Court justice overlooked material evidence in evaluating the change in circumstances required to reduce the support order of 1970.

The respondent's appeal is sustained, the judgment appealed from is reversed, and the cause is remanded to the Family Court for further proceedings.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Robert G. Crouchley, Eugene F. Toro,* for petitioner.

*Leary and Holland, Jeremiah R. Leary,* for respondent.

---

[3]This figure is based on the $18,000 deficit in 1969 between petitioner's income of $41,000 and expenses of $59,000, and the present projected 1976 income of $40,000.