384 A.2d 1065.

JOHN T. HULL *v.* RUTH E. HULL.

APRIL 20, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

KELLEHER, J.   This is an appeal from a decision of the Family Court that granted a mother's motion to increase a child support order which was embodied as part of a final divorce decree and awarded her attorney a $75 counsel fee. The father contends the trial justice applied an incorrect rule of law when he increased the father's support obligation and awarded the counsel fee. We agree.

The record reveals that the final decree which was entered on March 24, 1972 awarded custody of five minor children to the mother and ordered the father to pay $50 a week for the support of the children. About 4 years later, in June of 1976, the mother filed a motion to modify the support order, alleging that there had been a substantial change in circumstances in that the needs of the children were greater than they had been at the time of the entry of the final decree and also alleging that the father's ability to pay had increased. The father then filed his own motion to modify, alleging that he was no longer able to pay the support ordered.

A hearing on both motions was held on July 9, 1976. The mother, who had remarried, testified that her current weekly expenditures were $297 as compared with $161 at the time the final decree was entered. She testified that her net wage had declined from $200 to $184 per week, that two of the children were now attending a private high school, and that two of the children had "chronic illnesses." The father admitted that his *gross* pay had increased $85 per week since the entry of the final decree ($200 – $285) and that he expected a bonus each year in addition to his pay. He also testified that he had remarried, that his new wife had custody of two children by a prior marriage, and that she received $250 per month for the support of these children. He also submitted a list of his current monthly expenditures and testified that this total ($1,501) did not include any expenditures for the children of his second wife.

The law controlling motions to modify support obligations is well settled. The moving party has the burden of proving by a fair preponderance of the legal evidence that the children's need for support has increased and that their father is financially able to pay more than the amount originally fixed. *Ferrazza* v. *Ferrazza,* 102 R.I. 265, 229 A.2d 773 (1967). The decision of a trial justice with respect to the modification of support obligations will not be disturbed on appeal unless the findings on which his decision is based are

clearly wrong, or unless, in making such findings, he overlooked material evidence or misconceived the applicable law. *Rock* v. *Rock,* 107 R.I. 172, 178, 265 A.2d 640, 644 (1970).

That the needs of the five Hull children have increased since 1972 was adequately proven by the mother's testimony. No less relevant is her inability to assist as much as she once did in meeting those needs. On the other hand, the father presented evidence which would indicate that at the time the original $50 support order was entered his weekly expenses amounted to $114. Four years later he produced a list of current expenses which, if believed, demonstrated a threefold increase in his weekly expenditures.

The trial justice, after noting the difficulty he had encountered in deciding support cases where the parties had remarried, observed that he had fashioned a rule where, in essence, he looked for a "reasonable" increase in the husband's pay and ignored "all these expenses and everything." He obviously thought that a $68 increase in the father's weekly *net* pay was reasonable and consequently increased the weekly support order from $50 to $75. However, the trial justice, in setting a figure that is based solely on a search for a reasonable increase in the husband's earnings, erred. Here, his single-focus approach lost sight of the fact that alongside the figure indicating a $68 increase in the father's weekly take-home pay since 1972 can be seen another figure which, when necessary computations are made, indicates that the father's weekly cost-of-living expenses have skyrocketed to a point where in 1976 they were $261 higher[1] than they were at the time the final decree was entered.

We fully sympathize with the dilemma faced by a trial justice who is presented with evidence which indicates the father's weekly expenses have grown to $375. The fact that

---

[1]We arrive at this amount by dividing the father's 1976 monthly expenses of $1,501 by 4, the number of weeks in a month. This division produces a quotient of $375. When $114 is subtracted from $375, we have a remainder of $261.

the father can amass such indebtedness on a weekly salary of $222 may be considered proof of the wonders of today's credit-card society — or the $375 figure is compelling evidence of the inherent improbability of the father's computations. In any case, in determining whether a father is personally capable of paying more than the amount of an original support order, the trial justice must relate any intervening raise in salary or earnings to any legitimate accompanying increase in his expenses. Here, the trial justice made no finding about the legitimacy of the father's expenses.

As noted above, the trial justice awarded the wife a counsel fee of $75. That the Family Court has jurisdiction to award counsel fees in an action to provide support for children is undisputed. *Calitri* v. *Calitri*, 115 R.I. 465, 347 A.2d 631 (1975). However, before the trial justice is warranted in making such an award, he must find that the husband has a sufficient financial ability to pay such fees and that the wife is without property of her own available for that purpose. *Toy* v. *Toy*, 108 R.I. 484, 276 A.2d 754 (1971); *Smith* v. *Smith*, 88 R.I. 17, 143 A.2d 309 (1958). Here, the trial justice made no such findings, but simply awarded the counsel fee without comment.

The father's appeal is sustained, the decree appealed from is vacated, and the cause is remanded to the Family Court.

*Joseph A. Capineri*, for appellant.

*John D. Lynch*, for appellee.