404 A.2d 60.

PAMELA J. PARADISO *vs.* JOSEPH J. PARADISO

JULY 23, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Doris, J.   This is an appeal from a child-support decree entered by the Family Court. The questions presented are first, whether the amount ordered is excessive as a matter of law, and second, whether the trial justice erred in awarding attorney's fees pursuant to G.L. 1956 (1969 Reenactment) §15-5-16.

Pamela and Joseph Paradiso were divorced in 1971. The divorce decree awarded custody of their two children to Pamela, but left open the matter of alimony and child support because Joseph was then unemployed.

In 1976, Pamela petitioned the Family Court for an award of alimony and child support. At a hearing on her petition, Pamela testified that she was working and had a net weekly salary of $130. She also submitted a list of weekly expenses for herself and her children totaling $170.

Joseph testified that he had remarried and that both he and his new spouse were employed. He further testified concerning the details of their average weekly wages and submitted a list of their weekly expenditures. In addition, Joseph's payroll record was admitted into evidence.

At the conclusion of the hearing, the trial justice found that Joseph and his second wife had a net weekly income of $250 and weekly expenses of $212. Concerning Pamela and her children, he found that their weekly expenses were reasonable and that Pamela's salary was as claimed. On the basis of these findings the justice ordered Joseph to pay $50 a week in child support and to pay Pamela's counsel fees of $200.[1] From the decree entered by the Family Court, Joseph has appealed.

---

[1] Although Pamela also petitioned for alimony, the decree of the trial justice awarded child support only.

We first address the propriety of the child-support order. The amount ordered for child support is a discretionary determination for the trial justice and, absent abuse in the exercise of that discretion, that determination will not be disturbed by this court. *See, e.g., Yates* v. *Yates,* 155 Conn. 544, 235 A.2d 656 (1967); *Williams* v. *Williams,* 261 N.C. 48, 134 S.E.2d 227 (1964). The guiding principle in setting a child-support award is to balance the needs of the child against the financial ability of the absent parent. *E.g., Simonet* v. *Simonet,* 279 So.2d 35 (Fla. App. 1973); *see Bellows* v. *Bellows,* 119 R.I. 689, 382 A.2d 816 (1978); *Pierson* v. *Peirson,* 119 R.I. 701, 382 A.2d 823 (1978); *Moore* v. *Moore,* 53 R.I. 294, 166 A. 501 (1933). *See generally* Clark, Law of Domestic Relations §15.1 at 496 (1968); 24 Am. Jur. 2d, *Divorce and Separation* §839 (1966).

In the instant case the weekly needs of Pamela and her children exceeded Pamela's income by $40. After expenses, which the trial justice concluded were reasonable, Joseph had an ability to pay approximately $38. Notwithstanding these figures, however, the trial justice ordered Joseph to pay a sum—$50—that significantly exceeded both Pamela's needs and Joseph's ability to pay. In so doing the trial justice clearly abused his discretion. *Santacroce* v. *Santacroce,* 347 So.2d 815 (Fla. App. 1977); *Costello* v. *LeNoir,* 462 Pa. 36, 337 A.2d 866 (1975); *Cole* v. *Cole,* 259 Iowa 58, 143 N.W.2d 350 (1966); *see DiNofrio* v. *DiNofrio,* 85 R.I. 21, 125 A.2d 194 (1956); *cf. Spaziano* v. *Spaziano,* 94 R.I. 258, 179 A.2d 849 (1962). Instead, we think that an order of $38 would strike the proper balance between the respective interests in this case, and we direct that the order of the court below be reduced accordingly.

We also think that the trial justice erred in awarding Pamela $200 in counsel fees. By statute the Family Court may in appropriate cases order the husband to pay counsel fees as the court thinks "reasonable and proper." G.L. 1956 (1969 Reenactment) §15-5-16. We have stated, however, that "before the trial justice is warranted in making such an award, he must find that the husband had a sufficient finan-

cial ability to pay such fees and that the wife is without property of her own available for that purpose." *Hull* v. *Hull,* 120 R.I. 77, 81, 384 A.2d 1065, 1067 (1978). Here, as in *Hull,* no such findings were made.

In any event, we think that it would be unreasonable to order Joseph to pay counsel fees when the record indicates that, after meeting expenses and paying the instant support order, Joseph has nothing left. *See Toy* v. *Toy,* 108 R.I. 484, 490, 276 A.2d 754, 757 (1971). Under our adjustment of the support order the parties stand in financial equipoise; Pamela receives the amount just sufficient for her needs and Joseph pays support to the extent of his ability. Accordingly, we vacate that portion of the Family Court order awarding counsel fees.

The decree appealed from is sustained in part as modified, and overruled in part, and the cause is remanded to the Family Court to enter a new decree in accordance with the directives of this opinion.

MR. JUSTICE JOSLIN, dissenting. This case raises the recurring problem of a father whose excess of income over his reasonable expenses is insufficient to meet the reasonable needs of his children. If the children's needs are to be satisfied, the father must give up something he needs. If the father is allowed to retain all that he requires, however, the children must go wanting. Yet a solution must be found, and it necessarily results in hardship either to the children or to the father, or perhaps to both. Under our rule, a trial justice, in his search for that solution, cannot be guided solely by either the needs and welfare of the children or the capacity of the father to pay. Instead, he must attempt to balance the children's need and the father's capacity to pay. *See Peirson* v. *Peirson,* 119 R.I. 701, 704, 382 A.2d 823, 824 (1978); *Spaziano* v. *Spaziano,* 94 R.I. 258, 261, 179 A.2d 849, 851 (1962); *Reynolds* v. *Reynolds,* 79 R.I. 163, 167-68, 85 A.2d 565, 567 (1952). That factual determination is entitled to great weight and will not be disturbed on appeal unless it was "based upon an oversight or misconception of material

evidence on a controlling issue, or was otherwise clearly wrong." *Brown* v. *Brown,* 114 R.I. 117, 120, 329 A.2d 200, 201-02 (1974); *Rock* v. *Rock,* 107 R.I. 172, 178, 265 A.2d 640, 644 (1970); *Ricciardi* v. *Ricciardi,* 91 R.I. 455, 458, 164 A.2d 855, 857 (1960).

In this case, the trial justice concluded that the unmet needs of the children took priority over allowing the father to maintain his present standard of living. To satisfy those needs, however, did not require an award of $50 a week. There is no evidence in the record that supports an award in that amount. Indeed, the children's mother testified that they required only $40 a week. Evidence to support any greater amount is totally lacking.

I agree with the majority, therefore, that an award of $50 a week cannot be allowed to stand. *See DiNofrio* v. *DiNofrio,* 85 R.I. 21, 29, 125 A.2d 194, 199 (1956). That the trial justice erred in fixing the amount of the award, however, does not necessarily call for a complete reversal. He was required to exercise his discretion concerning who should suffer hardship—the father or the children—and he opted to place the burden upon the father. Although he imposed a larger burden than the evidence warrants, there is evidence that will support an award of $40 a week for the children's support. I would therefore reduce the award only to that amount rather than to the $38 awarded by the majority.

My disagreement with the majority is limited to the amount of the weekly award. I agree with them that an award of counsel fees is not justified on this record.

*Ferdinand A. Bruno,* for plaintiff.

*Louis B. Abilheira, Salvatore L. Romano, Jr.,* for defendant.