Janet C. **MORRY**

v.

Leonard J. **MORRY, Jr.**

No. 79–29–Appeal.

Supreme Court of Rhode Island.

March 13, 1981.

Thomas A. Lynch, Providence, for petitioner.

John D. Lynch, Gary R. Pannone, Warwick, for respondent.

## OPINION

WEISBERGER, Justice.

This case comes before us on the appeal of Janet C. Morry (mother) from a decree of the Family Court modifying a prior decree so as to reduce support payments by Leonard J. Morry, Jr. (father). We affirm.

On November 4, 1977, a final decree of divorce was entered which granted the mother's petition for divorce from the father on the ground of irreconcilable differences. The decree provided that the father would pay $50 per week for the support of the couple's two minor children. It further provided that the mother would permanently waive alimony in return for a conveyance by the father of his interest in the marital residence, and it also provided that the mother execute a $5,000 mortgage in favor of the father without interest and payable five years from its effective date. Pursuant to the decree, a note and mortgage were duly executed. Subsequent to the entry of the final decree, the father remarried. Both parties moved for modification of the support decree and a hearing was held on these motions in the Family Court. Evidence adduced by the father indicated that since the entry of the final decree, his weekly income had been reduced from $194 to $124.16 as a result of the loss of a part-time job. The father's expenses had increased from $144 to $238.51 per week. Further, a child had been born of the father's second marriage.

On the basis of this testimony, the trial justice found that there had been a material change in the father's circumstances. It was also noted that the mother had acquired an adult male boarder who contributed toward the weekly food bill.

Finding that there had been no increase in the needs of the children and a substantial decrease in the father's current ability to pay support, the trial justice reduced the father's weekly support payments from $50 to $10 per week. This appeal ensued.

The mother in her argument does not challenge the findings regarding the father's decrease in income and increase in expenses. Her principal contention seems to be that the trial justice should have offset any current reduction in support payments against the amount due under the mortgage. The trial justice, however, determined that the right to collect the mortgage in the future did not enhance the father's current ability to pay. He further found that since the note was payable by the former wife, its present value as an asset was "speculative."

■ It is well settled in Rhode Island that when a trial justice considers a motion to modify a support decree, the resultant decision is entitled to great weight. This court will disturb such a decision only if we are convinced that it is based on findings that are clearly wrong. *Rock v. Rock*, 107 R.I. 172, 178, 265 A.2d 640, 644 (1970); *Ricciardi v. Ricciardi*, 91 R.I. 455, 458, 164 A.2d 855, 857 (1960); *Reynolds v. Reynolds*, 79 R.I. 163, 167, 85 A.2d 565, 567 (1952).

■ We have previously held that a justice of the Family Court, in determining a father's ability to pay for the support of his children or to meet other support obligations, may consider capital assets. *McHenry v. McHenry*, R.I., 424 A.2d 1067, 1069 (1981); *Bellows v. Bellows*, R.I., 382 A.2d 816, 819 (1978); *Ferrazza v. Ferrazza*, 102 R.I. 265, 267–68, 229 A.2d 773, 774 (1967). However, in the case at bar the trial justice was persuaded that this obligation, which was payable in the future, did not affect or enhance the father's present ability to pay. Even though the trial justice may at the time of this hearing have had the authority to order a setoff against the future obligations,[1] we cannot say that he was clearly wrong in declining to do so. In any event,

---

1. The adoption of G.L.1956 (1969 Reenactment) § 15–5–16.1, as enacted by P.L. 1979, ch. 279, § 2, casts doubt upon the present ability to order such a setoff. The right to receive such an amount could, however, be considered a capital asset enhancing the father's ability to pay at or near the time the mortgage becomes due and payable.

at the time when this promissory note and mortgage become payable in 1983, this asset may again be considered, in the event of an appropriate motion, as relevant to the father's then current ability to pay. Under all of the circumstances of this case, we are unable to say that the trial justice overlooked any pertinent evidence or that he was clearly wrong.

For the reasons stated, the appeal of the mother is denied and dismissed, the decree appealed from is affirmed, and the papers in the case may be remanded to the Family Court.

SHEA, J., did not participate.