**Brenda L. CHACE**

v.

**Fred W. FINLAY.**

**Nos. 88–562–M.P., 89–34–Appeal.**

Supreme Court of Rhode Island.

June 29, 1990.

**1234**

Patrick L. McKinney, Spangler, McKinney, Burke & Collins, Wakefield, for plaintiff.

Eugene J. McCaffrey, Jr., McCaffrey, McEntee & Morriss, Warwick, for defendant.

## OPINION

WEISBERGER, Justice.

This case is before us on a petition for writ of certiorari filed by Fred W. Finlay, the defendant, to review an order from the Family Court which increased the amount of support that he must pay to his former spouse Brenda L. Chace, the plaintiff. The facts of the case that are pertinent to this petition are as follows.

On May 21, 1980, plaintiff was granted a divorce from defendant with final judgment entered on August 28, 1980. According to the divorce decree, plaintiff was given custody of the two minor children born of the marriage. The defendant was provided with liberal visitation privileges and was required to pay $30 per week per child to plaintiff. Additionally defendant was ordered to maintain any employer-sponsored medical, dental, and hospitalization insurance plans then in effect.

Sometime thereafter, plaintiff moved to the State of Colorado and brought with her the two minor children. The defendant subsequently filed a motion seeking modification of support and visitation privileges provided for in the original decree because of this geographic change in circumstances. The Family Court modified the decree accordingly. In 1987 and 1988 both parties were granted divorces from subsequent respective spouses, and plaintiff returned to Rhode Island. On October 5, 1988, plaintiff filed a motion to modify, seeking an increase in the amount of child support and a restraining order to ensure that defendant would not spend, dispose, or alienate any sum he may receive as a result of any commutation of his workers' compensation benefits. At the hearing on this motion, defendant presented evidence indicating that he was receiving workers' compensation benefits in the amount of $420 per week. The ruling on this motion was entered on November 16, 1988, wherein the trial justice concluded that because defendant was receiving $420 per week in workers' compensation, his "gross income" was $560 per week (adding one-third to the actual amount of his weekly benefit). Child support was fixed in the amount of $136.76 per week. In addition the trial justice granted plaintiff's request for a restraining order pertaining to the disposal of any sum defendant may receive as a result of the commutation of his workers' compensation benefits. The defendant raises two issues in support of this petition. These questions shall be dealt with in the order that they are addressed in defendant's brief.

## I

### The Calculation of Defendant's Gross Income

The defendant argues that in determining the amount of child support he should be obliged to pay, the trial justice committed error in failing to complete properly the appropriate worksheet provided for this purpose. Specifically, defendant contends that the trial justice's finding that defendant's weekly gross income was $560 was incorrect. The facts reveal that defendant was receiving $420 per week in workers' compensation benefits, and based on this figure, the trial justice apparently added an additional one-third ($140) and found defendant's gross income to be $560 per week.

In support of his argument that this calculation constituted error on the part of the trial justice, defendant cites G.L.1956 (1988 Reenactment) § 15–5–16.2(a), which requires that in determining the amount of child support that is appropriate, the trial justice must calculate the amount utilizing "a formula and guidelines adopted by an administrative order of the family court." It must be noted, however, that § 15–5–16.2 offers no guidance to a trial justice concerning how to treat workers' compensation benefits for

child-support purposes. In addition, because the child-support guidelines adopted by the Family Court determine the amount of child support to be ordered based on gross income and the number of dependent children, it was necessary for the trial justice to make an approximate calculation of defendant's gross income, taking into account deductions that would ordinarily be applied to his gross income, in order to reach the net-income figure represented by his workers' compensation benefits. In the case at bar, the trial justice specifically stated that she was treating defendant's $420 weekly benefit as "two-thirds of what [defendant's] gross is" and proceeded to calculate his gross income to be one-third greater than his benefit, or $560. We must examine the propriety of this calculation in view of the fact that gross income in the form of wages, tips, and other traditional sources of income are subject to withholding taxes and social security deductions that do not apply to workers' compensation benefits, and we conclude that in this case the gross-income figure upon which the award was based cannot be viewed as significantly incorrect. If one were to adopt the $560 figure as determined by the trial justice to be defendant's gross income and then were to deduct the appropriate amount of withholding taxes and social security deductions that would be applicable to such a gross income, the net figure would be reasonably close to defendant's actual net weekly workers' compensation benefit. When reviewing a trial justice's decision on a motion to modify a support decree, we accord great weight to the trial justice's finding, and we shall only disturb such a finding if it is clearly wrong. *Morry v. Morry*, 426 A.2d 265, 266 (R.I.1981). In the present case, taking judicial notice of the impact of income tax and social security deductions on gross income, we cannot say that the trial justice was clearly wrong.

## II

### The "Restraining Order"

■ At the hearing on the motion to modify, plaintiff requested that the court issue an order to ensure that defendant would be unable (without a prior hearing) to dispose of any lump-sum settlement he may receive in commutation of his workers' compensation claim. The trial justice did in fact issue such an order. The defendant argues that because plaintiff failed to demonstrate that defendant had ever been in arrears with his child-support payments, the trial justice erred in issuing what she referred to as a "restraining order." We must disagree and hold that this order was not unreasonable in the circumstances.

■ Under G.L.1956 (1988 Reenactment) chapter 11 of title 15, the Family Court is given wide latitude in ensuring that child-support orders are enforced. Despite the fact that the defendant had apparently been diligent in fulfilling his support obligations in the past, we conclude that it was not unreasonable for the trial justice to require that he appear before the court again should he wish to dispose of any lump-sum settlement he may receive in commutation of his workers' compensation benefits. Disposal of such assets could very likely affect the defendant's ability to continue providing support to his children. We should point out, however, that if a commutation of benefits should take place, any counsel fee approved by the Workers' Compensation Commission would be payable without inhibition by the restraining order and not subject to approval by the Family Court.

For the reasons stated, the defendant's petition is denied and dismissed. The writ heretofore issued is quashed. Because we have reviewed this matter under the petition for certiorari, the appeal is denied and dismissed pro forma. The papers in the case may be remanded to the Family Court with our decision endorsed thereon.